[No. 6027–6–III. Division Three. May 14, 1985.]

ANITA BERSHAW, ET AL, *Appellants*, v. HERBERT ALBERT SARBACHER, *Respondent*.

654

*Clinton J. Henderson,* for appellants.

*Gary L. Carpenter,* for respondent.

MUNSON, J.—Anita Bershaw and Trina Lee Bershaw, her minor daughter, appeal the dismissal of their paternity action against Herbert Albert Sarbacher. They contend the trial court erred in dismissing the action because the court had subject matter jurisdiction, and Mr. Sarbacher's failure to support Trina provided a sufficient basis for the exercise of personal jurisdiction over him pursuant to RCW 4.28-.185, the Washington long–arm statute. Ms. Bershaw and her daughter further contend the trial court erred in dismissing the case with prejudice. We affirm.

On May 6, 1983, Ms. Bershaw filed a paternity action in Asotin County Superior Court against Mr. Sarbacher, an Idaho resident, seeking custody and child support for Trina. The petition and summons were served on Mr. Sarbacher in Washington while he was visiting the state at Ms. Bershaw's invitation. Trina was named as a party to the action, and a guardian ad litem was appointed to represent her during the proceedings.

The petition alleged Ms. Bershaw and Mr. Sarbacher had

sexual intercourse in Lewiston, Idaho, in February 1970; pregnancy resulted and Trina was born November 26, 1970, in Roseburg, Oregon. The mother and child have resided in Clarkston, Washington, without support from Mr. Sarbacher.

Mr. Sarbacher denied paternity and filed a motion to dismiss. He claimed the court lacked subject matter jurisdiction, service of process had been accomplished through fraudulent means, the petition failed to state a claim upon which relief could be granted, and the action was time barred. He further alleged he was an Idaho resident and, except for his temporary presence in Washington at the behest of Ms. Bershaw, he would not otherwise be subject to the jurisdiction of the Washington courts.

In response, Ms. Bershaw filed an affidavit again claiming Mr. Sarbacher was Trina's father. She further asserted Mr. Sarbacher had visited her in Washington at least five times in the last year, and she had advised him shortly after Trina's birth that he was Trina's father.

After a hearing, the court rejected Mr. Sarbacher's claims the action was time barred or service of process was improper. Nevertheless, the court dismissed the action for lack of subject matter jurisdiction because intercourse did not occur in the State of Washington. This appeal followed.

■ The court had subject matter jurisdiction. RCW 26.26.080(1) states in part:

> The superior courts have jurisdiction of an action brought under [the Uniform Parentage Act] . . . The action may be joined with an action for . . . support, *or any other civil action in which paternity is an issue* . . . [*i.e.,* child support].

(Italics ours.)

■ The question remains whether in personam jurisdiction could properly be exercised over Mr. Sarbacher. RCW 26.26.080(2). Upon a challenge to jurisdiction, the party asserting jurisdiction has the burden of establishing its existence. *In re Marriage of Hall,* 25 Wn. App. 530, 536, 607 P.2d 898 (1980).

The Uniform Parentage Act, RCW 26.26, adopts the traditional approach that in order to subject a person to monetary liability, the court must first obtain personal jurisdiction over him. *See* RCW 26.26.080(2). *See also Kulko v. Superior Court,* 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690, *reh'g denied,* 436 U.S. 908, 57 L. Ed. 2d 1150, 98 S. Ct. 3127 (1978); *Hudson v. Hudson,* 35 Wn. App. 822, 670 P.2d 287 (1983). RCW 26.26.080(2) provides:

> A person who has sexual intercourse in this state thereby submits to the jurisdiction of the courts of this state as to an action brought under this chapter with respect to a child who may have been conceived by that act of intercourse. In addition to any other method provided by statute, personal jurisdiction may be acquired by personal service of summons outside this state or by service in accordance with RCW 4.28.185 as now or hereafter amended.

RCW 4.28.185(1) provides, in part:

> Any person, whether or not a citizen or resident of this state, who . . . does any of the acts in this section enumerated, thereby submits . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts: . . .
>
> (b) The commission of a tortious act within this state;

Here, there is no dispute the alleged act of sexual intercourse occurred outside Washington. Nevertheless, Ms. Bershaw asserts Mr. Sarbacher's failure to support Trina constitutes a "tortious act" under Washington's long–arm statute, RCW 4.28.185, citing *In re Miller,* 86 Wn.2d 712, 548 P.2d 542 (1976).

Faced with almost identical facts, *In re Doe,* 38 Wn. App. 251, 253–54, 684 P.2d 1368 (1984) distinguished *In re Miller, supra,* and held:

> *In re Miller* is not dispositive because the issue of whether John is indeed the father of the child has not yet been decided. The primary issue in a paternity action is whether the defendant is in fact the father; the issue of support is ancillary. If John is not the father, he has no duty of support. Without a duty of support, he could not have committed the "tortious act" of nonsupport. We

hold that a putative father's failure to support his child does not constitute a "tortious act" under our long–arm statute.

(Citations omitted.)

■ In addition, Mr. Sarbacher's physical presence in the state at the time process was served will not justify the assumption of personal jurisdiction over him. All assertions of state court jurisdiction must be evaluated according to the due process standards set forth in *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057 (1945). *Shaffer v. Heitner,* 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569 (1977). Under these standards, Mr. Sarbacher's transient presence in Washington was insufficient to require him to conduct his defense in Washington. *See* 2 L. Orland, Wash. Prac., *Trial Practice* § 8 (Supp. 1983). His visit to Washington at the time of service was entirely unrelated to the present action.

■ Finally, Ms. Bershaw contends the trial court erred in dismissing the action with prejudice. She argues the court has effectively deprived her and Trina from instituting a similar action in another forum where personal jurisdiction could be obtained.

The dismissal with prejudice merely affects Ms. Bershaw's ability to renew her claim in Washington. *See* CR 12(b)(2). The dismissal of the action does not deprive Ms. Bershaw and her daughter from reinstituting the action in an appropriate forum.

The dismissal is affirmed.

GREEN, C.J., and THOMPSON, J., concur.