[No. 28735-4-I.   Division One.   January 19, 1993.]

*In the Matter of the Marriage of* JANICE M. PETERSON, *Respondent, and* JERRY L. PETERSON, *Petitioner.*

*Kevin R. Scudder* and *East, Lagerquist, McConnell & McDonough, P.S.,* for petitioner.

*Kathryn Jenkins,* for respondent.

WEBSTER, C.J. — Jerry L. Peterson appeals a trial court order denying his motion to dismiss, for lack of personal jurisdiction, Janice M. Peterson's petition to modify the child support provisions in the parties' dissolution decree. Finding no error, we affirm.

## FACTS

On December 21, 1982, the Petersons' marriage was dissolved in California. Pursuant to a California dissolution decree, Janice was awarded custody of the parties' two children. In 1988 Janice and the two children moved from California to Washington. Jerry, while remaining in California, made support payments, paid for uninsured medical and dental expenses, maintained regular telephone contact, and exercised visitation rights in Washington.

In December of 1990 Janice filed a petition in King County, Washington, to modify the California dissolution decree's child support provisions. On February 13, 1991, while voluntarily in the state of Washington (Bellevue) to conduct business and visit the children, Jerry was personally served with the petition.

On April 23, 1991, Jerry filed a motion to dismiss for lack of personal jurisdiction. On May 7, 1991, the trial court, finding that personal service upon a nonresident defendant, by itself, conferred jurisdiction, denied the motion.

## DISCUSSION

Jerry, claiming the trial court erred in finding personal jurisdiction was established, cites *Bershaw v. Sarbacher*, 40 Wn. App. 653, 700 P.2d 347 (1985), for the proposition that mere physical presence in Washington, accompanied by service of process, is not sufficient to confer jurisdiction. In *Bershaw* (a paternity suit where the act causing the alleged paternal relationship occurred in Idaho), the court stated:

> In addition, Mr. Sarbacher's physical presence in the state at the time process was served will not justify the assumption of personal jurisdiction over him. All assertions of state court jurisdiction must be evaluated according to the due process standards set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057 (1945). *Shaffer v. Heitner*, 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569 (1977). Under these standards, Mr. Sarbacher's transient presence in Washington was insufficient to require him to conduct his defense in Washington. *See* 2 L. Orland, Wash. Prac., *Trial Practice* § 8 (Supp. 1983). His visit to Washington at the time of service was entirely unrelated to the present action.

*Bershaw*, at 657. According to Jerry, the contacts present in this case fall short of the minimum contacts necessary to justify personal jurisdiction.

█ We find, under these facts, that service, coupled with voluntary presence, was sufficient to confer jurisdiction. In *Burnham v. Superior Court*, 495 U.S. 604, 109 L. Ed. 2d 631, 110 S. Ct. 2105 (1990), the United States Supreme Court, in a plurality opinion addressing the very argument Jerry advances here, held that personal service, upon a nonresident who is voluntarily present in the forum state, confers personal jurisdiction without violating the due process clause. In *Burnham*, the parties had agreed to file for divorce in California. When the husband instead filed for divorce in New Jersey, the wife brought a divorce action in California. While the husband was in California to visit the parties' children, he was served. The majority opinion, written by Justice Scalia and joined in by Justices Rehnquist, Kennedy and White, stated that the due process clause *does not* require a

connection between the litigation and the defendant's contacts with the State [when] the defendant is physically present in the State at the time process is served upon him.

Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State.

*Burnham*, 495 U.S. at 610.[1] The court also specifically referenced *Bershaw*, stating that in-state service of process

remains the practice of, not only a substantial number of the States, but as far as we are aware *all* the States and the Federal Government — if one disregards (as one must for this purpose) the few opinions since [*Shaffer v. Heitner, supra*] that have erroneously said, on grounds similar to those that petitioner presses here, that this Court's due process decisions render the practice unconstitutional.

*Burnham*, 495 U.S. at 615. One of the two state court cases the United States Supreme Court cited was *Bershaw*.[2] We

---

[1]The court also stated:

The short of the matter is that jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of "traditional notions of fair play and substantial justice." That standard was developed by *analogy* to "physical presence," and it would be perverse to say it could now be turned against that touchstone of jurisdiction.

*Burnham*, 495 U.S. at 619. Justice White concurred in the result, writing:

The rule allowing jurisdiction to be obtained over a nonresident by personal service in the forum State, without more, has been and is so widely accepted throughout this country that I could not possibly strike it down, either on its face or as applied in this case, on the ground that it denies due process of law guaranteed by the Fourteenth Amendment.

*Burnham*, 495 U.S. at 628 (White, J., concurring). Furthermore, Justice Brennan (joined by Justices Marshall, Blackmun and O'Connor), after conducting an independent inquiry into the fairness of the rule, stated that transient jurisdiction, under *Shaffer*, does comport with the due process clause. *Burnham*, 495 U.S. at 637-40 (Brennan, J., concurring in the judgment) ("as a rule the exercise of personal jurisdiction over a defendant based on his voluntary presence in the forum will satisfy the requirements of due process"). Justice Stevens concurred in the judgment.

[2]Jerry claims that *Bershaw* controls in this case since *Burnham* was a plurality opinion. *See MBM Fisheries, Inc. v. Bollinger Mach. Shop & Shipyard, Inc.*, 60 Wn. App. 414, 421 n.3, 804 P.2d 627 (1991), where the court stated that *Burn-*

decline to follow *Bershaw* and instead hold, as did the trial court, that Jerry's voluntary, as opposed to fortuitous or inadvertent, presence in this state at the time he was served with process was sufficient to establish personal jurisdiction.

The judgment is affirmed, and respondent is entitled to attorney's fees on appeal pursuant to RAP 18.1.

COLEMAN and AGID, JJ., concur.

After modification, further reconsideration denied February 12, 1993.

---

*ham* was limited to its facts since "no opinion received a majority". However, even if we were to apply a minimum contacts/due process analysis as Jerry urges, it is clear from the facts of this case that Jerry's presence in Washington, unlike the defendant in *Bershaw*, was causally related to the action. Nevertheless, in light of *Burnham*, we decline to follow *Bershaw*.