**DEPEX REINA 9 PARTNERSHIP, an Ohio general partnership; Depex Reina 10 Partnership, an Ohio general partnership; Reina F Partners, an Ohio limited partnership, Plaintiffs,**

and

**Depex 19 Inc., a Delaware corporation, Plaintiff–Appellee,**

v.

**TEXAS INTERNATIONAL PETROLE- UM CORPORATION, a Delaware corporation, Defendant–Appellant.**

No. 88–1210.

United States Court of Appeals, Tenth Circuit.

Feb. 27, 1990.

Rehearing Denied March 26, 1990.

Kirk D. Fredrickson of Watson & McKenzie, Oklahoma City, Okl., for plaintiff-appellee.

Matthew L. Standard (James M. Chaney, with him on the briefs) of Kirk & Chaney, Oklahoma City, Okl., for defendant-appellant.

Before TACHA and BRORBY, Circuit Judges, and BROWN,* District Judge.

BRORBY, Circuit Judge.

Texas International Petroleum Corporation (TIPCO) appeals the judgment of the district court awarding Depex 19, Inc., a Delaware corporation, $478,757.42 together with interest and costs. Determining the trial court did not have subject matter jurisdiction, we REVERSE and REMAND.

## FACTS

This appeal marks the second time the parties have sought resolution before this court. Depex Reina 9, Depex Reina 10, and Reina F (the Depex Partnerships) filed their complaint in the United States District Court for the Western District of Oklahoma on December 30, 1982 seeking specific performance of a contract and punitive damages for breach of fiduciary duty. They claimed that TIPCO had breached a contractual obligation to offer them the opportunity to participate in certain oil and gas wells drilled by TIPCO. Appellant's Brief at 2. The Depex Partnerships asserted jurisdiction under 28 U.S.C. § 1332, diversity of citizenship, and alleged they were partnerships formed under Ohio law with no Oklahoma citizens as partners, and the defendant, TIPCO, was a Delaware corporation with its principal place of business in Oklahoma City, Oklahoma. In its answer, TIPCO admitted that each of the plaintiffs were partnerships formed under the laws of the State of Ohio, but stated it was "without sufficient information or belief to admit or deny the residency of the partners of each Plaintiff." In June 1982,

answering TIPCO's interrogatories, the Depex Partnerships stated they were general partnerships formed under Ohio law, each consisting of two partners; a West German limited partnership and a Delaware corporation, Reina Oil & Gas Corporation (ROGC).

On May 31, 1983 the trial court entered the Pretrial Order which stated "[j]urisdiction exists pursuant to the complete diversity of citizenship of the parties." The trial judge determined that the trial of the case should be bifurcated as to liability and damages. Following a three-day trial on the merits, the jury determined that two of the Depex Partnerships were entitled to participate in additional wells drilled in the "Parks Prospect" of Mitchell County, Texas. The trial court set aside this jury determination of liability and subsequently entered judgment in favor of TIPCO, holding the claims of the Depex Partnerships were barred by a three-year statute of limitation.

The Depex Partnerships appealed this judgment to our court. By Order and Judgment dated June 2, 1986, we reversed the trial court decision, and held that TIPCO was estopped from asserting the bar of the oral contract limitation period when it had an affirmative obligation to place the necessary contract terms in writing. On December 23, 1986, we denied the Petition for Rehearing. TIPCO did not seek additional review of our Order and Judgment.

On June 30, 1987, after the case returned to the district court, TIPCO for the first time filed a motion to dismiss the action for lack of subject matter jurisdiction because at the time of the filing of the action, one of the general partners of each of the Depex Partnerships was a Delaware Corporation. TIPCO argued that because TIPCO was also a Delaware corporation, complete diversity between the parties never existed. This jurisdictional challenge arose more than five years after the Depex Partnerships filed their lawsuit. The trial court,

* The Honorable Wesley E. Brown, United States District Judge for the District of Kansas, sitting by designation.

however, denied the motion to dismiss. The parties then tried to the court the issue of damages. At the direction of the court, the parties stipulated to the amount of money owed by TIPCO to the Depex Partnerships under the court's Findings of Fact and Conclusions of Law. On January 15, 1988, the trial court entered the Journal Entry of Judgment based upon the stipulation of the parties, and awarded Depex 19, Inc.,[1] a Delaware corporation, $478,757.42 together with interest and costs against TIPCO. From this judgment TIPCO appeals, asserting:

> The District Court erred in holding that Tipco was precluded by principles of *res judicata* from raising the issue of lack of subject matter jurisdiction.

> The District Court erred in holding that alienage jurisdiction existed.

> The District Court erred in ruling that TIPCO was not entitled to a set-off for sums expended on the Depex Partnerships' behalf for costs of obtaining production from the wells.

Appellant's Brief at 7, 17, 19.

## DIVERSITY JURISDICTION

■ At the time of the lawsuit, 28 U.S.C. § 1332 provided in part:

(a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Thus, diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation. In the case of a partnership, the partnership is a citizen of each state in which a partner is a citizen. *See* Annotation, *Determination of Citizenship of Partnership, For Purposes of Diversity Jurisdiction Under 28 U.S.C.S. § 1332(a)*, 83 A.L.R. Fed. 136 (1987). In the case of corporations, the corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332(c). Because both TIPCO and one of the general partners of the Depex Partnerships were Delaware corporations, complete diversity was lacking.

## RES JUDICATA

■ TIPCO first argues the trial court erred in holding that principles of res judicata precluded TIPCO from raising the issue of lack of subject matter jurisdiction. Appellant's Brief at 7. We review this legal issue *de novo, Boise City Farmers Coop. v. Palmer,* 780 F.2d 860, 866 (10th Cir.1985), and hold that principles of res judicata did not preclude TIPCO from raising lack of subject matter jurisdiction.

In denying TIPCO'S motion to dismiss, the trial court reasoned that the facts upon which jurisdiction depends are "quasi jurisdictional," and "it matters not that the court's determination of its own jurisdiction is arrived at in error, even though the error of adjudication is apparent upon the face of the record." The trial court further reasoned that res judicata should apply because the jurisdictional issue did not surface until after trial and appeal. "[T]he court's jurisdiction has already been established over the parties and the subject matter upon entry of [the district court's journal entry of judgment and the order and judgment of the Tenth Circuit Court of Appeals].... These judgments are not void on their faces to be subject to collateral attack for lack of jurisdiction." We do not agree with the conclusion of the trial court.

Several courts and commentators have observed that "diversity of citizenship is but a quasi-jurisdictional fact. A judgment

---

1. On August 24, 1987 the trial court entered an Order substituting Depex 19, Inc., a Delaware corporation, as the proper party plaintiff in the action in lieu of the presently named plaintiffs.

based upon an erroneous finding of diversity is not void and is immune from collateral attack." *Green v. Hale*, 433 F.2d 324, 330, n. 14 (5th Cir.1970) (quoting *Lester v. McFaddon*, 415 F.2d 1101, 1107 (4th Cir. 1969)). *See also Kansas City So. Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (8th Cir.), *cert. denied*, 449 U.S. 955, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980) ("error in interpreting a statutory grant of jurisdiction ... does not render the judgment a complete nullity"); 7 *Moore's Federal Practice* ¶ 60.25[2] at 230–31 (2d ed. 1987). This statement of law, however, does not apply to the instant case where the district court did not render a judgment into which a finding of diversity merged. Further, by remanding the case to the district court, we did not create a final judgment. Rather, under 28 U.S.C. § 1291, we reviewed and reversed the final decision of the district court and the issue of jurisdiction was still alive. After we reversed, the trial court determined the issue of damages.

In *Ramey Constr. Co. v. Apache Tribe of the Mescalero Reservation*, 673 F.2d 315 (10th Cir.1982), we reversed and remanded and subsequently upheld the determination by the trial court on remand that it lacked subject matter jurisdiction. In *Ramey*, a general contractor sued the tribe and others to recover damages for alleged breach of contract, misrepresentations and negligence. The trial court entered judgment against the contractor. On appeal, we reversed and remanded, whereupon the trial court reconsidered jurisdiction and dismissed for lack of jurisdiction. On subsequent appeal we held the district court did not exceed the scope of remand by reconsidering jurisdiction. As in *Ramey*, the trial court in the instant case properly could have considered jurisdiction on remand: "So long as a case is pending, the issue of federal court jurisdiction may be raised at any stage of the proceedings either by the parties or by the court on its own motion." *Id.* at 318, citing 1 *Moore's Federal Practice* ¶ 0.60[4] (2d ed.1981). *See also Basso v. Utah Power & Light Co.*, 495 F.2d 906, 910 (10th Cir.1974) ("failure to raise the issue [of diversity jurisdiction]

before final judgment did not amount to a waiver, since a court may dismiss a case for lack of jurisdiction at any stage of the proceeding"). *Ramey* is in line with our earlier pronouncement in *Amalgamated Sugar Co. v. Bergland*, 664 F.2d 818, 822 (10th Cir.1981), that "the jurisdiction of a court over subject matter may be raised at any point in the proceeding." (Citations omitted).

Supporting the trial court's determination that subject matter jurisdiction was res judicata, the Depex Partnerships attempt to distinguish *Ramey*. They argue that *Ramey* involved a jurisdictional challenge after a general remand of the case for determination on the merits whereas in the instant case the jurisdictional challenge arose after perfection of a final judgment; i.e., the Tenth Circuit Order and Judgment. Appellee's Brief at 11. Citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940), they then assert that lack of subject matter jurisdiction is not a ground for collateral attack upon a final judgment. Appellee's Brief at 8. While in some cases the finding of jurisdiction which has become merged into a final judgment cannot be collaterally attacked, *see* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 4428 at 271–286 (1981), in the instant case there has been no final judgment to preclude the inquiry into jurisdiction. The Tenth Circuit's Order and Judgment reversing and remanding the case did not constitute judgment in favor of the Depex Partnerships.

## ALIENAGE JURISDICTION

■ TIPCO next argues the district court erred in determining that it had alienage jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). We review this issue *de novo, Boise City Farmers Coop. v. Palmer*, 780 F.2d 860, 866 (10th Cir.1985), and hold the district court did not have jurisdiction under this provision.

28 U.S.C. § 1332(a)(2) provides the district courts shall have original jurisdiction of cases with the proper jurisdictional amount and in which the action is "between

... citizens of a State and citizens or subjects of a foreign state...." The requirement of complete diversity, however, applies to the alienage provision of § 1332(a)((2), *F. & H.R. Farman–Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir.), *petition for cert. filed*, 58 U.S.L.W. 3387 (U.S. Dec. 1, 1989) (No. 89–867) (1989), and in the instant case, where TIPCO and the Depex Partnerships share Delaware citizenship, complete diversity is lacking,[2] even though one of the partners is a citizen of a foreign state.

The trial court recited that one of the two partners comprising Depex 9 and 10 general partnerships formed under Ohio law at the time the case was filed was "a West German equivalent of an American limited partnership." Order, July 8, 1987, at 6. Citing *Sadat v. Mertes*, 615 F.2d 1176 (7th Cir.1980), the trial court noted: "[A]n alien domiciled in one of the United States is afforded access to the federal courts under 28 U.S.C. section 1332(a)(2) even when he sues an American citizen residing in the same state." The trial court went on to say:

> [T]hese individual German nationals comprising this limited partnership entity having come to this country and formed the general partnerships of Depex Reina 9 and Depex Reina 10 in Ohio with Reina Oil & Gas Corporation, such citizens and/or entities did not lose their alien domicile. It is clear that for diversity of citizenship purposes a partnership is a citizen of each state of which a general partner is a citizen. Therefore, this court holds that it also has had jurisdiction throughout this action under 28 U.S.C. section 1332(a)(2).

In its analysis, however, the trial court overlooked the Delaware citizenship of the other general partners of the Depex Partnerships, and did not discuss the requirement of complete diversity. Although the trial court appeared to use *Sadat* for the proposition that complete diversity is not a requirement under § 1332(a)(2), the Seventh Circuit clearly held to the contrary in *Harza*, 882 F.2d at 284. Consequently, *Sadat* is neither dispositive nor persuasive herein.

## DENIAL OF SET–OFF

Finally, TIPCO argues the trial court erred in holding TIPCO was not entitled to a set-off for sums expended on Depex Partnerships' behalf for costs of obtaining production from the wells. Because we hold the district court lacked subject matter jurisdiction, we do not address this issue.

We REVERSE and REMAND to the district court with instructions to proceed consistent herewith.

---

**2.** The fact that Depex 19, Inc., a Delaware corporation, was substituted for the Depex Partnerships does not affect our analysis. Because the substituted party is also a Delaware citizen under § 1332, the substitution does not remedy the jurisdictional defect.