COMMERCE BANCSHARES, INC., and CBI—Kansas, Inc., Plaintiffs,

v.

John H. LENARD, Jr., Carol P. Lenard, and United States of America, Defendants.

Civ. A. No. 93–2081–GTV.

United States District Court, D. Kansas.

July 6, 1993.

---

Benjamin F. Mann, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, William F. High, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for plaintiffs.

Robert A. Olsen, Nora M. Foster, Office of U.S. Atty., Kansas City, KS, Jaye Rooney, U.S. Department of Justice, Office of Special Litigation–Tax Div., Washington, DC, for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on the Fed. R.Civ.P. 12(b)(1) motion (Doc. 3) of defendant United States of America to dismiss the case for lack of subject matter jurisdiction. Plaintiffs Commerce Bancshares, Inc. (CBI), and CBI—Kansas, Inc. (CBIK), oppose (Doc. 9) the motion. Because the court finds that it has subject matter jurisdiction, the motion is denied.

## BACKGROUND

The allegations relevant to the instant motion, as derived from plaintiffs' petition and the parties' memoranda, are as follows:

Defendants John H. Lenard, Jr., and Carol P. Lenard are indebted to the Internal Revenue Service (IRS) for unpaid federal income taxes for the years 1985, 1986, 1987, and 1989, which taxes have been assessed against them. Federal tax liens were filed with respect to those assessments on October 22, 1990, and September 29, 1992.

In 1992, plaintiff CBI merged with Lenexa Bancorporation, Inc. (LBI). At the time of the merger, the Lenards owned 1,028 shares of LBI stock. As a result of the merger, that stock was converted to cash in the amount of $11,883.68. To receive the cash, the Lenards were required to tender their LBI shares to plaintiffs. The Lenards refused to tender their shares to plaintiffs unless the $11,883.68 was paid to them and not to the IRS. On December 18, 1992, the IRS attempted to collect on some of the Lenards' outstanding tax liabilities by serving a notice of levy in the amount of $95,574.27 upon plaintiffs for any property or rights to property in their possession belonging to the

Lenards. Plaintiffs thus were faced with competing claims to the $11,883.68.

On January 23, 1993, plaintiffs filed a petition for interpleader and declaratory relief in the District Court of Johnson County, Kansas, naming the Lenards and the United States as defendants. On March 3, 1993 the government removed the case to this court. The government then filed the current motion to dismiss. In the motion, the government argues that the court lacks subject matter jurisdiction of this interpleader action because the United States has sovereign immunity, which it has not waived.

## DISCUSSION

Based on the doctrine of sovereign immunity, the federal government cannot be sued without its consent. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). Consent must be specific and statutory, *United States v. Shaw,* 309 U.S. 495, 500–01, 60 S.Ct. 659, 661, 84 L.Ed. 888 (1940), and must be strictly interpreted. *United States v. Sherwood,* 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941). Plaintiffs, who bear the burden of establishing jurisdiction in this action, *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974), contend that the federal government has consented to suit in this action by virtue of 28 U.S.C. § 2410(a)(5). That statute, in relevant part, provides:

**Actions affecting property on which United States has lien.**

(a) Under the conditions prescribed in this section ..., the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

. . . . .

(5) of interpleader or in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien.

The government contends that it has not consented to suit because it filed a notice of levy and that a levy is not a lien as described by section 2410(a)(5). It therefore contends that it has not consented to suit in this action

and that under the doctrine of sovereign immunity the court must dismiss the action because it lacks subject matter jurisdiction.

The court disagrees with the government's contention. The government may, "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand," collect such tax by levy. *See* 26 U.S.C. § 6331. Similarly, "[i]f any person liable to pay tax neglects or refuses to pay the same after demand," the government obtains a lien upon all property and rights to property belonging to that person. *See* 26 U.S.C. § 6321. At the time that the government obtains the right to collect tax by levy it acquires a lien on any property owned by the delinquent taxpayer. Thus, the court concludes that the government had a lien on the $11,883.68 in plaintiffs' possession and belonging to the Lenards. Because the government had a lien on the $11,883.68, it has consented to suit in this interpleader action pursuant to section 2410(a)(5). *Cf., Commonwealth of Kentucky v. Laurel County*, 805 F.2d 628, 632 (6th Cir.1986), *cert. denied*, 484 U.S. 817, 108 S.Ct. 72, 98 L.Ed.2d 36 (1987). For that reason, the court concludes that it has subject matter jurisdiction of this interpleader action and denies the government's motion to dismiss.

IT IS, THEREFORE, BY THE COURT ORDERED that the motion of the United States (Doc. 3) to dismiss is denied.

Copies of this Memorandum and Order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**