**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN C. DAVIS, KAREN
TAYLOR DAVIS, and MARK GALEN
TAYLOR, individuals and trustees,

        Plaintiffs - Appellants,

v.

STEPHEN M STUDDERT, a former
employee of the U. S. Government;
THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS, a 1923 Utah Corporation
sole; THE CORPORATION OF THE
PRESIDING BISHOP OF THE
CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a 1916 Utah
Corporation sole; DOUGLAS
JOHNSON, an employee of the
State of Utah; and STAN ROBERTS, a
former Utah Notary Public,

        Defendants - Appellees.

No. 02-4110
(D.C. No. 2:02-CV-226-S)
(D. Utah)

**ORDER AND JUDGMENT** *

---

    * This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

Steven C. Davis, Karen Taylor Davis, and Marc Galen Taylor appeal the district court's dismissal of their complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The plaintiffs also challenge the district court's denial of several other district court rulings. After examining the record, we conclude that the plaintiffs' complaint fails to state a claim under federal law but that the district court should have dismissed the complaint without prejudice to the plaintiffs' pursuing their claims in state court. We further conclude that the district court properly denied the plaintiffs' other motions. [1]

## I. BACKGROUND

The rambling thirty-four page complaint filed by the Davis's and Mr. Taylor is "the antithesis of the 'short and concise' pleading requirement of Fed. R. Civ. P. 8(a)." Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 510 n.1 (10th Cir. 1998). Because the parties are familiar with the plaintiffs' allegations, we will summarize them only briefly.

---

[1] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

As to the defendants Stephen M. Studdert, the Corporation of the President of the Church of Jesus Christ of Latter Day Saints, and the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints (collectively referred to as "the Church defendants" in parts of the Complaint), the Complaint includes the following allegations: that these defendants: (1) "[f]ail[ed] to train and supervise [the] Mormon Church's hierarchical clergy in the proper implementation of . . . guidelines, policies and procedures regarding the treatment of victims of fraud, spouse abuse, child abuse, and fail[ed] to monitor and insure compliance with its guidelines, policies, and procedures," (2) "[f]ail[ed] to warn members and leaders of the Mormon Church that Studdert and others were in violation to [sic] Federal Banking and Slander/Libel Laws," (3) "[r]etain[ed] and allow[ed] Defendant Studdert to participate as a leader in the Mormon Church, working directly with others knowing [that] he was an Agent for Corrupt Banks and bankers," (4) "fail[ed] to protect Plaintiffs and the members of the Mormon Church from fraudulent actions caused deliberately by [the] named Defendants," (5) "[s]ustain[ed] and endors[ed] the False Ex-communication [of the plaintiff Mr. Davis]," and (6) "receiv[ed] financial gain, totaling more than Twenty Billion Dollars, from assets stolen from and owned by Kanco Energy, Inc." Rec. vol. I, doc. 1, at 32-33 (Complaint, filed March 19, 2002).

As to the defendant Stan Roberts, the plaintiffs allege that he issued a deliberately false signature as a notary public, thereby "committ[ing] a crime against the laws of the State of Utah."   Id. at 24.  Finally, as to the defendant Douglas Johnson, the plaintiffs allege that he "committed several slanderous, defamation of character, false claims as the Utah Deputy State Treasurer."   Id. at 23.

The plaintiffs sought to recover the following damages: (1) twenty billion dollars from the Corporation of the President of the Church of Jesus Christ of Latter Day Saints, and the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints, and (2) five million dollars from the defendants Studdert, Roberts, and Johnson.   Id. at 33.

All of the defendants filed motions to dismiss the plaintiffs' complaint for failure to state a claim upon which relief could be granted.  The district court granted the defendants' motions, explaining that it had so ruled for the reasons set forth in the defendants' supporting briefs.  Rec., vol. III, docs. 24-26 (Orders of Dismissal, dated May 30, 2002).  The court dismissed the plaintiffs' claims with prejudice.

The plaintiffs then filed a variety of motions, including a motion to amend the complaint, a motion for a new trial under Fed. R. Civ. P . 59, a motion to amend the judgment under Fed. R Civ. P Rule 60(b) on the grounds of newly

discovered evidence, and a motion to remove the district court judge from the case. The district court denied all of these motions. Rec. vol. IV, doc. 37 (order dated June 19, 2002), doc. 41 (Order, dated June 27, 2002).

## II. DISCUSSION

On appeal, the plaintiffs challenge the dismissal of the complaint. They also argue that the district court erred in refusing to allow amendment of the complaint and in denying their motion for a new trial and for amendment of the judgment. Finally, the plaintiffs argue that the district judge and opposing cousnel should be removed from the case.

## A. Dismissal of the Complaint

We review de novo the district court's dismissal under Fed. R. Civ. 12(b)(6) for failure to state a claim upon which relief can be granted, applying the same standard as the district court pursuant to Fed. R. Civ. P. 12(b)(6). Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1149 (10th Cir. 2001) (citation omitted). Because plaintiffs are pro se, we construe their pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, pro se plaintiffs

retain "the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110.

1. Church Defendants

We agree with the district court that the plaintiffs failed to state a claim against the church defendants. To the extent that the plaintiffs allege that the church defendants committed fraud, acted negligently, and failed to protect them from various injuries, their complaint asserts state law claims that the federal courts are not required to adjudicate, absent diversity of citizenship (which is not alleged here). See Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974) (holding that the plaintiff's complaint should have been dismissed because "[o]n its face . . . [it] manifests a lack of diversity jurisdiction"). Although the complaint also alleges that the church defendants violated the plaintiff's First Amendment rights, it does not allege that these defendants acted under color of law. See Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983) (noting that an allegation of "an elaborate conspiracy among numerous private defendants" is insufficient to allege a First Amendment claim under 42 U.S.C. § 1983 if the complaint does not allege that the defendants acted under color of state law). Moreover, to the extent that the plaintiffs' allegations are grounded in the church defendants' decisions about membership or doctrine, these defendants may not be sued for the First Amendment violations alleged

here. See Bryce v. Episcopal Church in the Diocese of Colo., 289 F.3d 648, 655 (10th Cir. 2002) (stating that "[c]ourts have held that churches have autonomy in making decisions regarding their own internal affairs" and that "th[e] church autonomy doctrine prohibits civil court review of internal church disputes involving matters of faith, doctrine, church governance, and polity"). [2]

Nevertheless, given the liberal construction we must afford pro se pleadings, we cannot say that the plaintiffs can prove no set of facts that would entitle them to relief under state law. Therefore, we will remand the case to the district court with instructions to vacate its order of dismissal with prejudice and to enter an order dismissing the plaintiffs' claims without prejudice to pursuing those claims in state court. See Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974) (holding that, in a case in which the plaintiff's complaint failed to allege diversity jurisdiction, the case should be dismissed "without prejudice to the plaintiffs' right to pursue their remedy in a subsequent state proceeding").

---

[2] We do note that the church autonomy doctrine "does not apply to purely secular decisions, even when made by churches." Bryce, 289 F.3d at 657.

2. Dismissal of Defendants Roberts and Johnson.

The district court properly dismissed the plaintiffs' claims against the defendant Mr. Roberts as well. As noted above, the complaint alleges only that Mr. Roberts violated Utah law. It does not allege a violation of federal law.

Similarly, the plaintiffs' claims against the defendant Johnson are based on alleged "slanderous, defamation of character, false claims as the Utah Deputy State Treasurer." Rec. vol. I, doc. I, at 23. Again, the plaintiffs' assertions are insufficient to establish that these alleged state law violations constitute a violation of federal law. However, in light of the liberal rules of construction for pro se pleadings we will remand these claims to the district court so that they may dismissed without prejudice to the plaintiffs' refiling them in state court.

B. Motions to Amend the Complaint, for a New Trial, and to Amend the Judgment

The plaintiffs also challenge the district court's denial of their motion to amend the complaint, their motion for a new trial, and their motion to amend the judgment. We review those decisions for an abuse of discretion. See Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000) (motion to amend complaint); Joseph v. Terminix Intern. Co., 17 F.3d 1282, 1285 (10th Cir. 1994) (motion for a new trial); White v. Am. Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990) (motion to amend judgment).

As to the plaintiffs' motion to amend, we note that "leave [to amend the complaint] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Calderon v. Kan. Dept. of Social and Rehabilitation Services, 181 F.3d 1180, 1185 (10th Cir. 1999). However, a district court need not grant leave to amend the complaint if the amendment would be futile. See Huxall v. First State Bank, 842 F.2d 249, 250 n. 2 (10th Cir.1988) (recognizing dismissal of claim under Rule 12(b)(6) and approving district court's denial of motion for leave to amend complaint where such amendment would be futile). Here, we have carefully reviewed the additional allegations set forth in the plaintiffs' motion to amend and conclude that these allegations do not cure the deficiencies noted above. Accordingly, the district court did not abuse its discretion in denying the plaintiffs' motion to amend.

We reach the same conclusion as to the plaintiffs' motions for a new trial and to amend the judgment. Nothing in their submissions indicates that the district court erred in denying the motions.

### C. Motion to Remove the Trial Judge and Counsel

After the district court's initial ruling dismissing their complaint, the plaintiffs filed a motion to remove the trial judge, alleging that he knew the president of one of the church defendants and that he had recused in another case

involving the same man. The district court denied the motion, and we now review its decision for an abuse of discretion. United States v. Cooley, 1 F.3d 985, 994 (10th Cir. 1993). While a district judge should disqualify himself when "his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), the party seeking recusal must provide a reasonable factual basis to doubt the judge's impartiality. Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). Here, the plaintiffs have failed to provide such a factual allegation. The conclusory allegation about the friendship between the judge and the president of one of the church defendants, unsupported by admissible evidence, is insufficient to warrant recusal.

In their appellate brief, the plaintiffs also contend that counsel for the defendants should be disqualified because of conflicts of interest. Again, these allegations are not supported by admissible evidence.

## III. CONCLUSION

For the reasons set forth above, we VACATE the district court's dismissal of the plaintiffs' complaint with prejudice and REMAND the case to the district court with instructions to dismiss the complaint without prejudice to refiling in state court. We AFFIRM the district court's denial of the plaintiffs' other motions.

Entered for the Court,


Robert H. Henry
Circuit Judge