**Robert RIOS and Sabino Alarcon, Plaintiffs,**

v.

**Eduardo AGUIRRE, Jr., in his official capacity as Director for the Bureau of Citizenship and Immigration Services, Washington, D.C., Defendant.**

**No. CIV.A.02–2493–KHV.**

United States District Court, D. Kansas.

Aug. 15, 2003.

---

Henri J. Watson, Watson & Dameron, LLP, Kansas City, MO, for Plaintiff.

Christopher Allman, Office of United States Attorney, Kansas City, KS, for Defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiffs ask the Court to compel the Immigration and Naturalization Service (INS) to rule on their motions to reconsider their applications for temporary resident status. *See Petition For Writ Of Mandamus* (Doc. # 1) filed September 26, 2002; *First Amended Petition For Writ Of Mandamus* (Doc. # 14) filed March 18, 2003. This matter is before the Court on *Defendant's Motion To Dismiss Plaintiffs' First Amended Petition For Writ Of Man-* damus (Doc. # 20) filed May 2, 2003. For reasons stated below, the Court sustains defendant's motion to dismiss for lack of subject matter jurisdiction.

### Legal Standards

■ The Court may exercise jurisdiction only when specifically authorized to do so, *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir.1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F.Supp. 279, 281 (D.Kan.1995) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)); *see also* Fed.R.Civ.P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against their jurisdiction. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir.1999) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991)); *Basso*, 495 F.2d at 909. If federal jurisdiction is challenged, plaintiffs bear the burden of showing why the case should not be dismissed, see *Jensen v. Johnson County Youth Baseball League*, 838 F.Supp. 1437, 1439–40 (D.Kan.1993), and must demonstrate by a preponderance of the evidence that retention of the case is appropriate. *United States v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). "Mere conclusory allegations of jurisdiction are not enough." *Id.*

■ Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A plaintiff creates federal question jurisdiction by means of a well-pleaded complaint which establishes either that federal law creates the cause of action or that plaintiff's right to relief depends on resolution of a substantial question of federal law. *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d

1162, 1165–66 (10th Cir.1999) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Federal courts also have original jurisdiction over civil actions "between ... citizens of different States" when the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332.

■ The standards that apply to a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) are well settled. Such motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Defendant's motion relies only on the complaint and is therefore a facial attack. A facial attack on subject matter jurisdiction questions the sufficiency of the complaint. *See Holt*, 46 F.3d at 1003 (citing *Ohio Nat'l Life*, 922 F.2d at 325). In its review, the Court must therefore accept the allegations in the complaint as true. *See Holt*, 46 F.3d at 1003.

### Factual Background

Plaintiffs' complaint alleges the following facts:

The Special Agricultural Workers (SAW) program provides temporary, and in some circumstances, permanent resident status to seasonal agricultural workers. *See* 8 U.S.C. § 1160(1)-(2). In 1987, plaintiff Sabino Alarcon applied to the Legalization Office of the INS in Kansas City for SAW status. Plaintiff Roberto Rios applied for SAW status in 1988. Alarcon and Rios maintained that they had worked the required number of days to qualify for temporary resident status as seasonal agricultural workers, but they did not submit any employment records in support of their applications. Each plaintiff, however, did submit an affidavit of his supervisor, Gilbert Rocha. Rocha attested to the fact that each plaintiff worked the required number of days to qualify for SAW status. At the time plaintiffs submitted Rocha's affidavits, he was being criminally investigated for fraud in connection with other SAW applications.

In 1991, the INS denied plaintiffs' applications because it determined that Rocha was not credible and that it should disregard his affidavits. In 1991, plaintiffs appealed to the INS Legalization Appeals Unit (LAU) and submitted 137 additional affidavits in support of their eligibility.[1] In September of 1996, the LAU denied plaintiffs' appeals. Believing that the LAU had not sufficiently reviewed the additional affidavits, plaintiffs filed motions for reconsideration. Receiving no response by March 18, 2003, plaintiffs filed this action requesting the Court to compel the INS to rule on their motions to reconsider.

### Analysis

■ Plaintiffs allege that by not ruling on their motions to reconsider and by denying their appeals for SAW status, the INS denied them their rights to procedural due process. Plaintiffs ask the Court to issue a writ of mandamus to compel the INS to rule on their motions to reconsider. Defendant asks the Court to dismiss plaintiffs' complaint for lack of subject matter jurisdiction.[2] Specifically, defendant ar-

---

**1.** Neither party explains the content of these affidavits, but the Court assumes that they were signed by employees or other individuals who could attest to plaintiffs' eligibility for SAW status.

**2.** Defendant also asks the Court to dismiss the petition because it is barred by the statute of limitations. Because the issue of subject matter jurisdiction is dispositive, the Court need not address the statute of limitations.

gues that Congress has unambiguously prevented courts from exercising subject matter jurisdiction in cases when the INS denies SAW applications. Defendant also contends that the Mandamus Act, 28 U.S.C. § 1361, does not grant federal jurisdiction in this case.

The Immigration Reform and Control Act of 1986 (IRCA), 8 U.S.C. § 1101 *et seq*, created the SAW program, which provided temporary resident status to certain seasonal agricultural workers who worked in 1985 and/or 1986. After either 90 days of seasonal agricultural field work between May 1, 1985 and May 1, 1986 or after two 90 day periods of seasonal agricultural field work during the years ending May 1, 1984 and May 1, 1985, workers could apply for temporary residency status. The INS, which determined eligibility under the SAW program, required applicants to establish by a preponderance of the evidence that they worked the requisite number of agricultural field work days. Applicants could submit such evidence either through sworn testimony and documentation (such as payroll records) or affidavits of employers and/or fellow employees. *See* 8 U.S.C. § 1160(b)(3)(A)-(B). If the INS denied a SAW application, the applicant could appeal the decision to the LAU. *See* 8 C.F.R. § 210.2(f).

In the IRCA, Congress directed the Attorney General to establish one level of administrative review for denial of a SAW application. *See* 8 U.S.C. § 1160(e)(2)(A). Such review is to be based on the administrative record and any evidence that may not have been available at the time of the original decision. *See* 8 U.S.C. § 1160(e)(2)(B). Motions to reopen or reconsider an application following an unsuccessful appeal "shall not be considered." 8 C.F.R. § 210.2(g). Nevertheless, *sua sponte*, the INS may reconsider and reverse a decision on a SAW application. *Id.* Judicial review of a denied application occurs only in connection with a deportation hearing. *See* 8 U.S.C. § 1160(e)(3)(a).

Plaintiffs contend that this Court has jurisdiction to compel the INS to rule on their motions to reconsider. Plaintiffs argue that the Court has federal question jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedures Act, 5 U.S.C. §§ 704, 706.

■ Plaintiffs allege that mandamus is the appropriate relief for unreasonable delay by the INS in deciding their motions to reconsider. "In evaluating claims of unreasonable agency delay which seek ... mandamus ... the Tenth Circuit applies the same principles and standards, both to determine jurisdiction over the claim and to assess the merits of the claim." *Yu v. Brown*, 36 F.Supp.2d 922, 928 (D.N.M. 1999) (citing *Hernandez–Avalos v. INS*, 50 F.3d 842, 844 (10th Cir.1995)). "With regard to jurisdiction, the Tenth Circuit, along with most other courts, has held that courts may entertain challenges to unreasonably delayed agency action on the basis of § 1331 jurisdiction and § 706(1) of the A[dministrative] P[rocedures] A[ct]." *Yu*, 36 F.Supp.2d at 928 (citing *Carpet, Linoleum & Resilient Tile Layers Local 419 v. Brown*, 656 F.2d 564, 567 (10th Cir.1981)). To establish federal jurisdiction over a mandamus action alleging unreasonable agency delay by the INS, plaintiffs must establish that (1) the INS owes them a clear duty; (2) the duty is mandatory rather than discretionary; and (3) the right to relief is clear. *See Yu*, 36 F.Supp.2d at 930 (citing *Hernandez–Avalos*, 50 F.3d at 844.)

Defendant argues that plaintiffs cannot show that the INS has a mandatory duty to rule on their motions to reconsider. The Court agrees. Other than requiring one level of administrative review in SAW applications, Congress was silent about when the determination of the INS is final.

Absent a *sua sponte* decision to reopen plaintiffs' applications, however, the decision of the LAU is the final word of the INS on the subject. *See Rahim v. McNary*, 827 F.Supp. 224, 231 (S.D.N.Y. 1993), *aff'd*, 24 F.3d 440 (2d Cir.1994). Congress provided that INS "shall adjust the status" of an alien if the alien meets all requirements set forth. *See* 8 U.S.C. § 1160(a)(1). While the statute does not describe the procedures to be followed, the Code of Federal Regulations sets forth such procedures. *See* 8 C.F.R. § 210. Those procedures leave to the discretion of the INS the decision to reconsider a SAW appeal. *Id.*[3] The regulations require the INS to process applications for SAW status and to hear appeals. They do not require the INS to entertain motions to reconsider. Indeed they specify that motions to reconsider "shall not be considered." 8 C.F.R. § 210.2(g).[4] Because the INS has discretion whether to reconsider an application, the Court cannot order it to do so. *Cf. Carpet*, 656 F.2d at 567. Thus, even though 28 U.S.C. § 1331—coupled with the Administrative Procedures Act, 5 U.S.C. §§ 704, 706—provides subject matter jurisdiction for actions challenging unreasonable agency delay when the relief sought is a writ of mandamus, the additional mandamus requirements must be met. *See Yu*, 36 F.Supp.2d at 930. Plaintiffs have failed to meet those requirements and therefore mandamus relief is not appropriate. Accordingly, the Court does not have jurisdiction in this case.

 Plaintiffs apparently maintain that the Court also has jurisdiction under 28 U.S.C. § 1331 because the INS violated their procedural due process rights by denying their SAW applications without "properly considering the merits." *Plaintiffs' Suggestions in Opposition to Defendant's Motion to Dismiss* (Doc. # 25) at 5; *See First Amended Petition for Writ of Mandamus* (Doc. # 14) at 6 ("The INS decided to reject all SAW applications made by workers from Kansas City Produce without reviewing any of them on the merits"). As noted above, the only relief which plaintiffs request is in the form of mandamus to compel the INS to rule on the motions to reconsider. Plaintiffs must therefore meet the additional requirements of the Mandamus Act. Even if the Court allowed plaintiffs to proceed on the theory that the INS erred in failing to initially consider the merits of their claims, plaintiffs have not stated a claim upon which relief could be granted.[5] Due process requirements in administrative hearings are not as stringent as in normal judicial proceedings. *See Mobil Exploration & Producing U.S. Inc. v. Kan. Corp. Comm'n*, 258 Kan. 796, 821, 908 P.2d 1276, 1294–95 (1995). Procedural due process in an administrative action simply requires notice and the opportunity to be heard. *See Martel v. City of Newton, Kan.*, 72 F.Supp.2d 1256, 1263 (D.Kan.1999).

Plaintiffs rely on *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991), as a basis for

---

**3.** "The Chief of the Administrative Appeals Unit may *sua sponte* reopen any proceeding conducted by that unit . . . and reconsider any decision rendered in such proceeding. . . . Motions to reopen a proceeding or reconsider a decision shall not be considered under this part." 8 C.F.R. § 210.3(g).

**4.** In practice, the INS apparently views a motion to reconsider as an informal request to perform a *sua sponte* review of an applica-

tion. *See Rahim*, 827 F.Supp. at 227. The statute, the regulations and INS practice do not require that the INS rule on such motions.

**5.** Additionally, for reasons cited in defendant's *Memorandum to Support Defendant's Motion to Dismiss* (Doc. # 21) at 10–11, such a claim would likely be barred by the statute of limitations.

their procedural due process challenge. In *McNary,* the United States Supreme Court held that Congress did not preclude judicial review of the constitutionality of the procedures adopted by the INS in reviewing SAW applications. *See id.* at 483–84, 111 S.Ct. 888. Plaintiffs in *McNary* alleged, among other things, that the INS conducted arbitrary interviews, did not allow applicants to present witnesses, and did not provide competent translators. *See id.* at 487–88, 111 S.Ct. 888. Plaintiffs contend that their procedural due process challenges are factually comparable to those in *McNary.* The Court disagrees. Here, plaintiffs challenge the INS findings that their supervisor was not a credible witness. Such a claim is more aptly described as a request for substantive review of plaintiffs' SAW applications. Unlike in *McNary,* plaintiffs received an opportunity to present evidence in support of their applications. Plaintiffs do not point to any procedural defect in the INS proceeding. The Court rejects any potential challenge to the merits of the initial ruling by the INS, or the denial of plaintiffs' appeals.

**IT IS THEREFORE ORDERED** that defendant's *Motion to Dismiss Plaintiffs' First Amended Petition for Writ of Mandamus* (Doc. # 20) filed May 2, 2003, be and hereby is **SUSTAINED.** The Court dismisses this action for lack of subject matter jurisdiction.