Bedra J. THOMPSON, Plaintiff,

v.

Roy J. & Dorothy T. JACKSON, Defendants and Appellants,

and

Jack Weinbarg, James McFarland, and Leo R. Loock, Defendants and Respondents.

No. 870255–CA.

Court of Appeals of Utah.

Oct. 2, 1987.

Stephen W. Farr, Farr, Kaufman & Hamilton, Ogden, for defendants and appellants.

Paul T. Kunz, Kunz, Kunz & Hadley, Ogden, for defendant and respondent James McFarland.

Robert A. Echard, Gridley, Echard & Ward, Ogden, for defendant and respondent Jack Weinbarg.

## MEMORANDUM DECISION

Before BILLINGS, DAVIDSON and JACKSON, JJ. (On Law and Motion).

### PER CURIAM:

Appellants Roy and Dorothy Jackson filed a notice of appeal to this Court from an order of the circuit court purporting to adjudicate the parties' ownership rights to real property and the proceeds of its sale. After our thorough review of that court's file, it is clear that this appeal is appropriate for summary disposition on our own motion under Rule 10, R.Utah Ct.App. The foundational infirmities are readily apparent from appellant's docketing statement. The parties failed to respond to our Order to Show Cause questioning the jurisdiction of the circuit court.

Counsel for plaintiff filed a complaint in the circuit court to terminate for nonpayment the equitable interest of defendants Jackson in a home purchased from plaintiff under a uniform real estate contract. After Jacksons failed to answer the complaint, plaintiff's attorney obtained a default judgment on April 11, 1985, purporting to terminate Jacksons' interest in the uniform real estate contract and to adjudicate the plaintiff as the sole owner of the property.

Eighteen months later, in October, 1986, plaintiff filed an "amended complaint", alleging Jacksons' nonpayment under the contract and, in a separate "cause of action," asserted that new defendants Weinberg, McFarland and Loock also claimed an interest in the real property as judgment creditors of Roy Jackson. Plaintiff again requested the court to forfeit Jacksons' interest in the contract and the property and to declare plaintiff the owner by foreclosing the judgment liens of the other defendants. Again, no action was taken by Jacksons. Defendants Weinberg and McFarland filed separate answers, asserted their lien interests of $15,000 and $50,000 respectively, and requested judicial foreclosure and sale of the property.

Upon the plaintiff's motion for summary judgment, the circuit court entered an order on January 22, 1987, that the property be sold free and clear of all judgment liens. Although the court had previously entered the 1985 judgment terminating the contract, it treated the title as having passed to the Jacksons and the contract as a mortgage being foreclosed—an optional remedy under paragraph 16 of the uniform real estate contract. However, this optional remedy under the contract was never raised by the plaintiff in her pleadings.

The trial court also ordered distribution of any sale proceeds (estimated at approximately $40,000) with a portion to be retained pending determination of "a homestead exemption" claimed by Roy Jackson.[1] On May 4, 1987, the circuit judge entered a

---

1. While the amount to be retained was not stated, it was apparently in excess of $10,000. Although the circuit court judge ordered the property sold "free and clear of all liens," the record does not reflect when or under what circumstances the property was in fact sold. It is apparent, however, that any sale conducted pursuant to the Court's order did not comply with Utah Code Ann. § 78–37–1, *et seq.* (1987) regarding judicial foreclosures.

signed "minute entry" that Defendant Jackson did not have a "homestead exemption" interest in the real property, apparently leaving any retained funds to be divided between defendants Weinberg and McFarland.

On May 12, 1987, before entry of the court's written findings and order, plaintiff's attorney prepared and filed a notice of appeal which stated that "defendants Roy and Dorothy Jackson appeal the May 4th ruling." On appeal to this Court, plaintiff's attorney now purports to represent the interests of defendants Jackson, in spite of having originally represented plaintiff in bringing the action.

■ We have reviewed the foregoing history of the proceedings to underscore the initial and fundamental jurisdictional defects of this case. We find no basis whatever for the circuit court to have asserted jurisdiction over the claims in plaintiff's original or amended complaints. Subject matter jurisdiction is the power and authority of the court to determine a controversy and without which it cannot proceed. Without jurisdiction over the subject matter alleged in plaintiff's claims, the court was without authority to proceed or to enter any adjudication on the merits of the claims.

The subject matter jurisdictional limits of Utah Code Ann. § 78-4-7 (1987) are clear:

> The circuit court shall have civil jurisdiction, both law and equity, in all matters if the sum claimed is less than $10,000, ... except:
>
> > (a) in actions to determine the title to real property, but not excluding actions to foreclose mechanics liens; ...

The jurisdictional limits of a statutorily created court, such as the circuit court, are circumscribed by its empowering legislation. *R. v. Whitmer In and For Salt Lake County*, 30 Utah 2d 206, 515 P.2d 617 (1973). A circuit court cannot expand its jurisdiction to adjudicate claims which are in excess of $10,000 *or* which involve the title to real property. *cf. Utah Department of Business Regulation v. Public Service Comm'n.*, 602 P.2d 696, 699 (Utah 1979). *See also City of Englewood v. Parkinson*, 703 P.2d 626 (Colo.App.1985); *Denver County Court v. Lee*, 165 Colo. 455, 439 P.2d 737 (1968). Unlike a court's exercise of jurisdiction over a person or a party, subject matter jurisdiction cannot be created or conferred on the court by consent or waiver. *Bailey v. Sound Lab, Inc.*, 694 P.2d 1043 (Utah 1984); *State Dept. of Social Services v. Higgs*, 656 P.2d 998 (Utah 1982); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 910 (10th Cir.1974).

■ The fundamental and initial inquiry of a court is always to determine its own jurisdictional authority over the subject matter of the claims asserted. Upon a determination by the Court that its jurisdiction is lacking, its authority extends no further than to dismiss the action. *Minter–Wilson Drilling Co., Inc. v. Randle*, 234 Kan. 624, 675 P.2d 365 (1984). The trial court should have examined its own jurisdictional limitations at the time plaintiff sought the initial default judgment and dismissed the action. It was improper for the court to proceed in this matter other than by dismissal. Even in the absence of a proper objection, the issue should have been raised on the court's own motion. Upon its failure to raise the issue, we are obligated to do so.[2] *Hiltsley v. Ryder*, 738 P.2d 1024 (Utah 1987); *Rice v. Rice Foundation*, 610 F.2d 471 (7th Cir.1979); *In re Saltis*, 94 Wash.2d 889, 621 P.2d 716, 718 (1980).

■ Since the entire proceedings before the circuit court were conducted absent jurisdiction, they are a nullity and are void. *La Bellman v. Gleason & Sanders, Inc.*, 418 P.2d 949 (Okl.1966); *Rybarczyk v. Dept. of Labor and Industries*, 24 Wash. App. 591, 602 P.2d 724 (1979). Consequently, we set aside as void any judicial sale

---

2. By failing to respond to our Order to Show Cause, the parties have tacitly admitted the jurisdictional defects. When a jurisdictional question arises, the burden to establish it rests upon the party asserting that jurisdiction exists.

*Roskelley & Co. v. Lerco, Inc.*, 610 P.2d 1307 (Utah 1980); *accord Schlatter & Mo–Comm Futures, Ltd.*, 233 Kan. 324, 662 P.2d 553 (1983); *Bershaw v. Sarbacher*, 40 Wash.App. 653, 700 P.2d 347 (1985).

and all other orders entered in this action, including any disbursement of sale proceeds and adjudication of lien priorities.

The appeal is dismissed and this case is remanded to the circuit court with instructions to dismiss the action for lack of jurisdiction. No costs awarded. *Cf. Basso* at 911.

BILLINGS, DAVIDSON and JACKSON, JJ., concur.