**VARIAN–EIMAC, INC. and/or Employers Mutual Liability Insurance, Plaintiffs,**

v.

**Helen D. LAMOREAUX, Industrial Commission of Utah, and Second Injury Fund, Defendants.**

**No. 870344–CA.**

Court of Appeals of Utah.

Jan. 13, 1989.

Michael E. Dyer (argued), Stephanie A. Mallory, Richards, Brandt, Miller & Nelson, Salt Lake City, for plaintiffs.

C.R. Henriksen, Jr. (argued), Henriksen, Henriksen & Call, P.C., Salt Lake City, for Helen D. Lamoreaux.

Erie V. Boorman, Admin. (argued), Second Injury Fund, Salt Lake City.

Before DAVIDSON, GREENWOOD and ORME, JJ.

## OPINION

DAVIDSON, Judge:

Administrative Law Judge Gilbert A. Martinez denied Helen Lamoreaux's claim for workers' compensation benefits. The Industrial Commission reversed the A.L.J. and granted the claim. Varian–Eimac, Inc., (Varian) Lamoreaux's former employer, appeals the Commission's ruling.

Although the parties have argued several issues before this court, one issue, that of the timeliness of the appeal from the A.L.J. to the Commission, is dispositive. We will limit our discussion of the facts and law accordingly.

The actual date of filing the motion for review of the A.L.J.'s denial of the claim is in dispute. The motion was dated February 17, 1987, the last day the motion could be filed.[1] However, the Commission's date stamped on the motion reads February 19, 1987, two days after the due date. Varian raised the timeliness issue before the Commission in its opposition to the motion for review. However, the Commission did not accept any evidence on the untimeliness of filing nor did it address the issue in its ruling.

Varian argues that the fifteen day time limit imposed by section 35–1–82.55, in effect at all pertinent times,[2] was jurisdiction-

al and the Commission lacked authority to review the matter.

"Subject matter jurisdiction is the power and authority of the court to determine a controversy and without which it cannot proceed." *Thompson v. Jackson*, 743 P.2d 1230, 1232 (Utah App.1987). If a court acts beyond its authority those acts are null and void. *Id.* Therefore, the initial inquiry of any court should always be to determine whether the requested action is within its jurisdiction. When a matter is outside the court's jurisdiction it retains only the authority to dismiss the action. *Id.* The sources of jurisdictional limits may vary according to the type of court involved. However, it is basic that "the jurisdictional limits of a statutorily created court ... are circumscribed by its empowering legislation." *Id.* It follows that the subject matter jurisdiction of a quasi-judicial administrative agency, such as the Industrial Commission, which is a statutory creation, would also be "fixed by statute." *Retherford v. Industrial Comm'n of Utah*, 739 P.2d 76, 80 (Utah App.1987). Just as any court, the Commission should first determine that it has jurisdiction and, if it does not, dismiss the matter. Any action beyond its jurisdiction is void.

Utah Code Ann. § 35–1–82.55 (1987) required a motion for review of an A.L.J.'s order to be filed with the Commission within fifteen days. If this requirement was not met "said order shall become the award of the commission and shall be final." *Id.* The statute uses the word "shall" and so is mandatory. Therefore, the Commission's jurisdiction is terminated once the filing time limit has been exceeded.

Such an interpretation is consistent with Utah appellate court decisions on similar time limits. In *Watson v. Anderson*, 29

---

1. "Such motion [for review] must be filed within fifteen days of the date of any order of the administrative law judge or commission...." Utah Code Ann. § 35–1–82.55 (1987) (effective until Jan. 1, 1988). Additional days will be allowed when the filing is sent by mail or when the last day of the period falls on a weekend or a holiday. Utah R.Civ.P. 6.

2. After the Commission proceedings and commencement of this appeal, this section was repealed. Currently, the statutes do not prescribe a specific time limit within which review by the Commission must be sought. Instead, responsibility for setting the appropriate procedures and time limits for the filing of motions for review is delegated to the Commission. *See* Utah Code Ann. § 35–1–82.53 (1988).

Utah 2d 36, 504 P.2d 1003 (1973) the Utah Supreme Court determined that failure to file an appeal within the required time limit deprived the court of subject matter jurisdiction. The court emphasized this principle in *Prowswood, Inc. v. Mountain Fuel Supply Co.,* 676 P.2d 952, 955 (Utah 1984): "It is axiomatic in this jurisdiction that failure to timely perfect an appeal is a jurisdictional failure requiring dismissal of the appeal." In an action closely related to the one before us, this court found that it was without jurisdiction to review a decision of the Industrial Commission when the applicable time limit had been exceeded. *Retherford,* 739 P.2d at 80. Finally, in *Thiessens v. Department of Emp. Sec.,* 663 P.2d 72, 73 (Utah 1983), the supreme court noted that another related time limit for appeals to the Commission was probably jurisdictional.

Lamoreaux urges us to find an exception where the filing is only one or two days late. She claims that it is the practice of the Commission to allow some leeway upon substantial compliance with the time limits because the Commission's internal procedures do not insure that documents are stamped with the date actually received.[3]

We reject this argument. It would be improper to find that sloppy office procedures in some way expanded jurisdiction beyond that conferred by the legislature. Subject matter jurisdiction cannot be expanded by waiver or consent. *Thompson,* 743 P.2d at 1232. "The issue is not one of the actual practice of the Industrial Commission, but one of jurisdiction as prescribed by the workers' compensation statutes." *Ring v. Industrial Comm'n,* 744 P.2d 602, 603 (Utah App.1987).

Accordingly, we hold that the statutory time limit formerly imposed on filing appeals from the orders of A.L.J.s to the Commission was jurisdictional. Since no evidence was taken or considered by the Commission on the timeliness of the filing, we remand for a factual determination of whether Lamoreaux's motion was filed within the statutory time limit. Depending upon that determination, the Commission must either dismiss or return the case to this court. In either case, findings should be made.

We reverse and remand for proceedings consistent with this opinion. We retain jurisdiction pending the Commission's proceedings.

GREENWOOD and ORME, JJ., concur.

---

3. Lamoreaux has included a letter from Commission's counsel which indicates that documents are not stamped with the date actually received. Instead the documents might be stamped a varying number of days afterward. We cannot consider this letter as part of the record because it was not reviewed as part of the proceedings before the Commission. However, such negligence, if true, is without excuse. It is easy to stamp each document as it is received. All courts are required to do so and, as in the instant case, the rights of the parties may be determined by the time of filing.