**TRANSWORLD SYSTEMS, INC. dba Credit Management Services of Colorado, a California corporation, Plaintiff and Appellee,**

v.

**Brent ROBISON, Defendant and Appellant.**

**No. 900194–CA.**

Court of Appeals of Utah.

Aug. 8, 1990.

---

Douglas G. Mortensen, Matheson, Mortensen, & Olsen, Salt Lake City, for defendant and appellant.

John Knapp Baird, Michael Lee, Corbridge, Bair & Christensen, Salt Lake City, for plaintiff and appellee.

Before GREENWOOD, BENCH and DAVIDSON, JJ. (On Law and Motion).

## MEMORANDUM DECISION

PER CURIAM:

This matter is before the court on appellant's motion to vacate the judgment granting arbitration award entered by the Third Circuit Court on March 22, 1990, and to order the circuit court to dismiss the case for lack of subject matter jurisdiction. We vacate the judgment and remand the case for dismissal by the circuit court.

This case was initiated in circuit court by a complaint alleging that appellant Brent Robison had refused to pay an award entered pursuant to an arbitration agreement. Robison answered the complaint stating, in part, that he admits "that this court has jurisdiction to decide the underlying dispute but denies the court's jurisdiction to enter judgment based on the invalid, erroneous and/or unlawful arbitration award." Appellee Transworld Systems, Inc. subsequently moved the court for confirmation of the arbitration award pursuant to Utah Code Ann. § 78–31a–12 (1987). On March 22, 1990, the circuit court granted the motion to confirm the award and entered judgment in favor of Transworld as sought in the complaint.

■ In support of the motion before this Court, Robison asserts that the circuit court lacks subject matter jurisdiction to confirm an arbitration award under the Utah Arbitration Act, which appears at Utah Code Ann. § 78–31a–1 to –20 (1987). The Act includes procedures to obtain confirmation, modification, or vacation of an arbitration award, by a court. Utah Code Ann. § 78–31a–2(2) (1987) defines "court" as used in the Act to mean "any state district court in Utah." Robison argues that the Utah Arbitration Act comes within an exception to circuit court jurisdiction for matters for which jurisdiction is exclusively vested in the district court. Utah Code Ann. § 78–4–7 (Supp.1990) states, in part:

> The circuit court has civil jurisdiction, both law and equity, in all matters if the sum claimed is less that $10,000, exclusive of court costs, except:
>
> . . . .
>
> (6) in all other actions where, by statute, jurisdiction is exclusively vested in the district court or other trial or appellate court.

In response, Transworld contends that Utah Code Ann. § 78–31a–2(2) does not specifically provide for *exclusive* jurisdiction in the district court and that the present case is within the circuit court's concurrent jurisdiction over matters where the amount in controversy is less than $10,000. Thus, Transworld contends that "[t]he Arbitration Act is an area in which the circuit court has original and concurrent jurisdiction."

Transworld's argument is contrary to the clear language of the Utah Arbitration Act. The Act creates a statutory remedy for judicial enforcement, modification, or vacation of an arbitration award. The Act specifically provides that the remedy will be implemented by proceedings in the district courts of this state. Transworld correctly notes that the Act is not intended to "provide a means of arbitration exclusive of those sanctioned under common law." This argument is not helpful, however, where Transworld has specifically sought the remedy provided in Utah Code Ann. § 78–31a–12. While the circuit court could have adjudicated the underlying claim involving less than $10,000, it could not proceed by confirmation of the arbitration award, a matter reserved to the appropriate district court.

■ Transworld also argues that Robison has waived any defect in subject matter jurisdiction. This argument does not have merit since subject matter jurisdiction cannot be waived. This court noted in *Thompson v. Jackson*, 743 P.2d 1230, 1232 (Utah App.1987) (per curiam):

Subject matter jurisdiction is the power and authority of the court to determine a controversy and without which it cannot proceed. Without jurisdiction over the subject matter alleged in plaintiff's claims, the court was without authority to proceed or to enter any adjudication on the merits of the claims.

... The jurisdictional limits of a statutorily created court, such as the circuit court, are circumscribed by its empowering legislation. A circuit court cannot expand its jurisdiction to adjudicate claims which are in excess of $10,000 or which involved the title to real property. Unlike a court's exercise of jurisdiction over a person or party, subject matter jurisdiction cannot be created or conferred on the court by consent or waiver.

(citations omitted.) This court further noted that the trial court was under an obligation, even absent an objection, to determine its jurisdiction over the subject matter of the claims asserted. *Id.* Having determined that the matter was outside its jurisdiction, the trial court could proceed only by dismissal. Transworld seeks to distinguish *Thompson* on the basis that that case concerned the $10,000 jurisdictional limit and the limitation regarding real property matters. The distinction is without merit because the same principles apply equally to the exception to jurisdiction involved in this case. "Since the entire proceedings before the circuit court were conducted absent jurisdiction, they are a nullity and are void." *Id.* The appeal is dismissed, and this case is remanded to the circuit court with instructions to dismiss for lack of jurisdiction.

All concur.