2002 UT App 153

**INDEPENDENT FUNDING, INC., a Utah corporation, Plaintiff and Appellee,**

v.

**WYNN COMPANY, INC., a Utah corporation; and Dennis T. Wynn, Defendants and Appellant.**

No. 20010941–CA.

Court of Appeals of Utah.

May 9, 2002.

Douglas R. Short, Sandy, for Appellant.

Delano S. Findlay, Salt Lake City, for Appellee.

Before JACKSON, P.J., and BENCH, and ORME, JJ.

MEMORANDUM DECISION

PER CURIAM:

¶ 1 This case is before the court on its own motion for consideration of dismissal based on lack of jurisdiction. The final judgment by default was entered in this case on January 17, 2001. Subsequently, the trial court issued an order compelling the attendance of witnesses and production of documents at a hearing related to execution of the judgment. This order was entered on July 31, 2001. Appellant appeals from this order. Appellant's notice of appeal was filed within thirty days of the order. *See* Utah R.App. P. 4. The issue for the court is whether the order compelling attendance of witnesses and documents is a final appealable order.

¶ 2 A writ of execution must have a separate notice of appeal filed after ruling on the motion. *See Cheves v. Williams,* 993 P.2d 191, 204 (Utah 1999). However, the supplemental order appealed in the case before the court was not a writ of execution. It was an order that addressed preliminary matters related to execution of the judgment. This order is interlocutory in nature. A final appealable order, in this context, is one that resolves the execution of judgment entirely. To the extent that an execution order is final, as defined by rule 4 of the Utah Rules of Appellate Procedure, the party must file a separate notice of appeal to challenge it. *See id.* at 204. Post judgment orders are independently subject to the requirement of finality, according to "their own substance and effect." *Id.* (quoting *Cahoon v. Cahoon,* 641 P.2d 140, 142 (Utah 1982)).

¶ 3 Appellant has not sought permission to appeal an interlocutory order. *See* Utah R.App. P. 5. Therefore, this court is without jurisdiction. When a matter is outside the jurisdiction of this court, it retains only the authority to dismiss. *See Varian–Eimac v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App. 1989). The appeal is dismissed without prejudice to Appellant filing an appeal from a subsequent final order of execution. Appellee's request for attorney fees is denied because this court has not ruled on the merits of the issues presented.