2010 UT App 222

**STATE of Utah, Plaintiff and Appellee,**

v.

**Todd Jeremy LITTLE, Defendant and Appellant.**

No. 20090758–CA.

Court of Appeals of Utah.

Aug. 12, 2010.

Jeremy M. Delicino, Salt Lake City, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ORME.

## MEMORANDUM DECISION

PER CURIAM:

¶ 1 Todd Jeremy Little appeals his conviction and sentence. This matter is before the court on the State's motion for summary disposition. We dismiss the appeal for lack of jurisdiction.

 ¶2 Issues regarding this court's jurisdiction may be raised by the court or either party at any time. *See Bradbury v. Valencia,* 2000 UT 50, ¶8, 5 P.3d 649. Pursuant to rule 4(a) of the Utah Rules of Appellate Procedure, a notice of appeal must be filed within thirty days of the entry of the final order or judgment appealed. *See* Utah R.App. P. 4(a). In an appeal taken from a criminal conviction and sentence, "it is the sentence itself which constitutes a final judgment from which the appellant has the right to appeal." *State v. Gerrard,* 584 P.2d 885, 886 (Utah 1979).

 ¶3 In a criminal case, the time for appeal may be extended by the timely filing of a motion for a new trial under rule 24 of the Utah Rules of Criminal Procedure. *See* Utah R.App. P. 4(b)(1)(E). If a notice of appeal is not timely filed, this court lacks jurisdiction to consider the appeal. *See Serrato v. Utah Transit Auth.,* 2000 UT App 299, ¶7, 13 P.3d 616. If this court lacks jurisdiction over an appeal, we have only the authority to dismiss the appeal. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989).

¶4 Application of these rules admittedly leads to an anomalous result in this case. Little entered a conditional plea whereby he retained only the right to challenge the district court's ruling on his motion to suppress. He waived the right to appeal other issues, making entry of the order denying his suppression motion a more logical trigger of his right to appeal than the earlier entry of his sentence. Little was sentenced on May 12, 2009. However, the district court's order denying Little's motion to suppress was not entered until August 14, 2009. Nonetheless, under *Gerrard,* Little's notice of appeal was required to have been filed on or before June 11, 2009, as Little did not file a motion for a new trial. *See id.* No exception to the usual rule applies in this unusual situation, and Little was required, in essence, to appeal the order denying his motion to suppress before the district court had entered its order denying the motion.[1]

¶5 Understandably, Little did not seek to appeal the district court's denial of his motion to suppress until after the district court had entered its order of denial. However, despite the atypical procedural twist in this case, this court is bound by *Gerrard,* which requires that a criminal defendant file his or her notice of appeal within thirty days of sentencing unless the time for filing his or her appeal is extended by the filing of a motion for a new trial. *See Gerrard,* 584 P.2d at 886. No extension of the appeal time has been recognized for the delayed entry, as in this case, of what should have been an interlocutory order.[2]

¶6 Because Little did not file his notice of appeal within thirty days of sentencing, this court lacks jurisdiction, and we are required to dismiss the appeal. *See Varian–Eimac, Inc.,* 767 P.2d at 570.

¶7 Accordingly, the appeal is dismissed.

---

1. Of course, the denial decision had been announced and Little knew an implementing order, with attendant findings of fact and conclusions of law, would be forthcoming. While intuition would suggest appealing from the order of denial once it was entered since only denial of the suppression motion would be at issue in the appeal, the jurisdictional rule outlined above required Little to appeal within thirty days of sentencing. The order denying his suppression motion, with findings and conclusions, would have been added to our record once it was entered, although experience suggests we might well have been required to first assure the trial court that it was free to enter that order, notwithstanding the pendency of the appeal.

2. Given the peculiar procedural history in the proceeding below, the district court will no doubt reinstate the period for filing a direct appeal pursuant to rule 4(f) of the Utah Rules of Appellate Procedure. *See* Utah R.App. P. 4(f).