we must dismiss the appeal for lack of jurisdiction. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989) ("Once a court has determined that it lacks jurisdiction, it retains only the authority to dismiss the action."). We dismiss this appeal without prejudice to a timely appeal filed after the entry of a final, appealable order.

■

2011 UT App 30

**Kim BOWERS, Plaintiff and Appellant,**

v.

**Mauricio VALENZUELA, Defendant and Appellee.**

**No. 20100944–CA.**

Court of Appeals of Utah.

Jan. 27, 2011.

Kim Bowers, Payson, Appellant Pro Se.

Before Judges ORME, VOROS, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶1 Kim Bowers appeals the October 18, 2010 order dismissing her case without prejudice. This case is before the court on a sua sponte motion for summary disposition.

¶2 The order of dismissal in this case was prepared by the district court and states,

> Based on a review of this file and Rule 4(b) [of the] Utah Rules of Civil Procedure, the Court orders this case dismissed, without prejudice, for failure to serve the defendant within 120 days of filing the complaint.

¶3 In *Giusti v. Sterling Wentworth Corp.,* 2009 UT 2, 201 P.3d 966, the supreme court clarified that a minute entry or order prepared by the district court and intended by that court to serve as the final order "must explicitly direct that no additional order is necessary." *Id.* ¶32. If the district court does not expressly direct that the order prepared by the court is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party, or the nonprevailing party when necessary, to prepare and submit an order for entry by the trial court in order to trigger finality for purposes of appeal. *See id.* ¶30. If no order is entered in compliance with rule 7(f)(2) and *Giusti,* "the appeal rights of the nonprevailing party will extend indefinitely." *Id.* ¶35.

¶4 The October 18, 2010 order of dismissal does not satisfy the *Giusti* requirements. While the district court may have intended the order of dismissal to be its final order, the district court did not explicitly direct that no further order was required. Bowers also did not prepare a final order as required by rule 7(f)(2) and *Giusti.* Thus, the October 18, 2010 order is not final for purposes of triggering the time for appeal. Accordingly, we must dismiss the appeal for lack of jurisdiction. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989) ("Once a court has determined that it lacks jurisdiction, it retains only the authority to dismiss the action."). We dismiss this appeal without prejudice to a timely appeal filed after the entry of a final, appealable order.

■

2011 UT App 30

**Kim BOWERS, Plaintiff and Appellant,**

v.

**Frank COOMBS, Defendant and Appellee.**

**No. 20100945–CA.**

Court of Appeals of Utah.

Jan. 27, 2011.

Kim Bowers, Payson, Appellant Pro Se.

Before Judges ORME, VOROS, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Kim Bowers appeals the October 18, 2010 order dismissing her case without prejudice. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 The order of dismissal in this case was prepared by the district court and states,

> Based on a review of this file and Rule 4(b) [of the] Utah Rules of Civil Procedure, the Court orders this case dismissed, without prejudice, for failure to serve the defendant within 120 days of filing the complaint.

¶ 3 In *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, the supreme court clarified that a minute entry or order prepared by the district court and intended by that court to serve as the final order "must explicitly direct that no additional order is necessary." *Id.* ¶ 32. If the district court does not expressly direct that the order prepared by the court is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party, or the nonprevailing party when necessary, to prepare and submit an order for entry by the trial court in order to trigger finality for purposes of appeal. *See id.* ¶ 30. If no order is entered in compliance with rule 7(f)(2) and *Giusti*, "the appeal rights of the nonprevailing party will extend indefinitely." *Id.* ¶ 35.

¶ 4 The October 18, 2010 order of dismissal does not satisfy the *Giusti* requirements. While the district court may have intended the order of dismissal to be its final order, the district court did not explicitly direct that no further order was required. Bowers also did not prepare a final order as required by rule 7(f)(2) and *Giusti*. Thus, the October 18, 2010 order is not final for purposes of triggering the time for appeal. Accordingly, we must dismiss the appeal for lack of jurisdiction. *See Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989)

("Once a court has determined that it lacks jurisdiction, it retains only the authority to dismiss the action."). We dismiss this appeal without prejudice to a timely appeal filed after the entry of a final, appealable order.

2011 UT App 35

**STATE of Utah, Plaintiff and Appellee,**

v.

**Patrick Robert RAMIREZ, Defendant and Appellant.**

**No. 20090498–CA.**

Court of Appeals of Utah.

Jan. 27, 2011.

Douglas D. Terry, St. George, for Appellant.

Before Judges DAVIS, McHUGH, and THORNE.

## DECISION

PER CURIAM:

¶ 1 Appellant Patrick Robert Ramirez appeals his conviction and sentence. Ramirez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Clayton*, 639 P.2d 168 (Utah 1981). The brief "objectively demonstate[s] that the issues raised are frivolous." *State v. Flores*, 855 P.2d 258, 260 (Utah Ct.App.1993) (per curiam); *see also Dunn v. Cook*, 791 P.2d 873, 877 (Utah 1990) (stating that an *Anders* brief must demonstrate that any "potentially meritorious" issues are actually frivolous). Based upon our independent examination of the matter, we determine that the appeal is, indeed, wholly frivolous. Accordingly, we af-