

R.P., Poway, California, Appellant Pro Se.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges DAVIS, McHUGH, and THORNE.

## DECISION

### PER CURIAM:

¶ 1 R.P. appeals the juvenile court's review order entered on November 17, 2010. We dismiss the appeal.

¶ 2 Rule 55(a) of the Utah Rules of Appellate Procedure provides that in child welfare matters, the petition on appeal must be filed with the appellate clerk within fifteen days of the filing of the notice of appeal or the amended notice of appeal. *See* Utah R.App. P. 55(a). "If the petition on appeal is not timely filed, the appeal shall be dismissed." *Id.*

¶ 3 On November 29, 2010, R.P. filed his notice of appeal. However, R.P. did not file the petition on appeal until December 20, 2010. Thus, the petition on appeal was not timely filed and we are required to dismiss the appeal.

¶ 4 Even had the petition on appeal been timely filed, this court would have been required to dismiss the appeal because the appeal was not taken from a final, appealable order. The Utah Rules of Appellate Procedure provide that a party may appeal from final, appealable orders and judgments. *See* Utah R.App. P. 3(a). In child welfare proceedings, appeals may be heard from more than one final judgment. *See In re A.F.,* 2006 UT App 200, ¶ 8, 138 P.3d 65. However, a final, appealable order "is one that ends the current juvenile proceedings, leaving no question open for further judicial action." *Id.*

¶ 5 The November 17, 2010 review order scheduled this matter for a continuing review hearing to be held on February 16, 2011. Because the review order set this case for ongoing review and left questions open for further judicial action, the review order is not a final, appealable order. *See id.*

¶ 6 Accordingly, this appeal is dismissed without prejudice to the filing of a timely appeal from a final order.

2011 UT App 32

**Kim BOWERS, Plaintiff and Appellant,**

v.

**Kim HAMBY, Defendant and Appellee.**

**No. 20100941–CA.**

Court of Appeals of Utah.

Jan. 27, 2011.

Kim Bowers, Payson, Appellant Pro Se.

Before Judges ORME, VOROS, and CHRISTIANSEN.

## DECISION

### PER CURIAM:

¶ 1 Kim Bowers appeals the October 18, 2010 order dismissing her case without prejudice. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 The order of dismissal in this case was prepared by the district court and states,

> Based on a review of this file and Rule 4(b) [of the] Utah Rules of Civil Procedure, the Court orders this case dismissed, without prejudice, for failure to serve the defendant within 120 days of filing the complaint.

¶ 3 In *Giusti v. Sterling Wentworth Corp.,* 2009 UT 2, 201 P.3d 966, the supreme court clarified that a minute entry or order prepared by the district court and intended by

that court to serve as the final order "must explicitly direct that no additional order is necessary." *Id.* ¶ 32. If the district court does not expressly direct that the order prepared by the court is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party, or the nonprevailing party when necessary, to prepare and submit an order for entry by the trial court in order to trigger finality for purposes of appeal. *See id.* ¶ 30. If no order is entered in compliance with rule 7(f)(2) and *Giusti,* "the appeal rights of the nonprevailing party will extend indefinitely." *Id.* ¶ 35.

¶ 4 The October 18, 2010 order of dismissal does not satisfy the *Giusti* requirements. While the district court may have intended the order of dismissal to be its final order, the district court did not explicitly direct that no further order was required. Bowers also did not prepare a final order as required by rule 7(f)(2) and *Giusti.* Thus, the October 18, 2010 order is not final for purposes of triggering the time for appeal. Accordingly, we must dismiss the appeal for lack of jurisdiction. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989) ("Once a court has determined that it lacks jurisdiction, it retains only the authority to dismiss the action."). We dismiss this appeal without prejudice to a timely appeal filed after the entry of a final, appealable order.

2011 UT App 26

**Kim BOWERS, Plaintiff and Appellant,**

v.

**PAYSON CITY, Defendant and Appellee.**

No. 20100942–CA.

Court of Appeals of Utah.

Jan. 27, 2011.

Kim Bowers, Payson, Appellant Pro Se.

Before Judges ORME, VOROS, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Kim Bowers appeals the October 18, 2010 order dismissing her case without prejudice. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 The order of dismissal in this case was prepared by the district court and states,

> Based on a review of this file and Rule 4(b) [of the] Utah Rules of Civil Procedure, the Court orders this case dismissed, without prejudice, for failure to serve the defendant within 120 days of filing the complaint.

¶ 3 In *Giusti v. Sterling Wentworth Corp.,* 2009 UT 2, 201 P.3d 966, the supreme court clarified that a minute entry or order prepared by the district court and intended by that court to serve as the final order "must explicitly direct that no additional order is necessary." *Id.* ¶ 32. If the district court does not expressly direct that the order prepared by the court is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party, or the nonprevailing party when necessary, to prepare and submit an order for entry by the trial court in order to trigger finality for purposes of appeal. *See id.* ¶ 30. If no order is entered in compliance with rule 7(f)(2) and *Giusti,* "the appeal rights of the nonprevailing party will extend indefinitely." *Id.* ¶ 35.

¶ 4 The October 18, 2010 order of dismissal does not satisfy the *Giusti* requirements. While the district court may have intended the order of dismissal to be its final order, the district court did not explicitly direct that no further order was required. Bowers also did not prepare a final order as required by rule 7(f)(2) and *Giusti.* Thus, the October 18, 2010 order is not final for purposes of triggering the time for appeal. Accordingly,