2011 UT App 88

STICHTING MAYFLOWER MOUNTAIN FONDS; and Stichting Mayflower Recreations Fonds, Plaintiffs, Counterclaim Defendants, and Appellants,

v.

UTAH DEPARTMENT OF TRANSPORTATION, Defendant, Counterclaim Plaintiff, and Appellee.

Utah Department of Transportation, Counterclaim Plaintiff and Appellee,

v.

Robert W. Dunlap; Kathy L. Dunlap; United Park City Mines Company; Mayfinance, C.V.; and Cooperative Centrale Raiffenisen Boerenleenbank, B.A., Counterclaim Defendants and Appellees,

v.

Park City Municipal Corporation, Third-party Defendant and Appellee.

No. 20110068–CA.

Court of Appeals of Utah.

March 24, 2011.

E. Craig Smay, Salt Lake City, for Appellants.

Mark R. Gaylord and Melanie J. Vartabedian, Salt Lake City, for Appellee Park City Municipal Corporation.

Before Judges DAVIS, VOROS, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Stichting Mayflower Mountain Fonds and Stichting Mayflower Recreations Fonds (collectively Stichting) seek to appeal the district court's November 29, 2010 order. This matter is before the court on a sua sponte motion for summary disposition for lack of jurisdiction due to the absence of a final order.

¶ 2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649. For an order or judgment to be final, it must "dispose of all parties or claims to an action." *Id.* ¶ 10. When an appeal is taken from a non-final order, this court lacks jurisdiction over the appeal. *See id.* ¶ 8. When this court lacks jurisdiction over an appeal, we have only the authority to dismiss the appeal. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989). The only exceptions to the final judgment rule are where: (1) an appeal is permitted under the circumstances by statute, (2) the appellate court grants interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure, or (3) the trial court certifies the order as final under rule 54(b) of the Utah Rules of Civil Procedure. *See Bradbury,* 2000 UT 50, ¶ 12, 5 P.3d 649.

¶ 3 Stichting's notice of appeal is not taken from a final, appealable order. The district court denied Stichting's motion to certify the November 29, 2010 order as final pursuant to rule 54(b). Stichting fails to demonstrate that the order satisfies any exception to the final judgment rule. Because the appeal is taken from a non-final order, this court lacks jurisdiction to consider the appeal and we have only the authority to dismiss the appeal. *See Varian–Eimac, Inc.,* 767 P.2d at 570.

¶ 4 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.[1]

---

1. It follows that Park City Municipal Corporation's motion for fees and double costs is denied without prejudice.