2011 UT App 202

**Sandra DEACUTIS–BLACK, Petitioner and Appellant,**

v.

**Robert D. BLACK, Respondent and Appellee.**

No. 20110325–CA.

Court of Appeals of Utah.

June 23, 2011.

Sandra DeAcutis–Black, Payson, Appellant Pro Se.

Steven C. Russell, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Sandra DeAcutis–Black (Wife) appeals the partial summary judgment order that granted permanent physical custody of the parties' child to Robert D. Black (Husband). This case is before the court on a sua sponte motion for summary dismissal. The order specifically reserved the issue of legal custody for trial along with other pending issues in this case. Because the order was not a final appealable judgment and reserved other matters for trial, including the issue of legal custody, we lack jurisdiction over the appeal and dismiss the appeal without prejudice.

¶ 2 Rule 3(a) of the Utah Rules of Appellate Procedure states that "[a]n appeal may be taken from a district ... court to the appellate court with jurisdiction over the appeal from all final orders and judgments." Utah R.App. P. 3(a). An appeal taken from an order that is not final must be dismissed for lack of appellate jurisdiction. *See Bradbury v. Valencia,* 2000 UT 50, ¶ 8, 5 P.3d 649. An order is final and appealable when it disposes of all of the claims against all par-

ties on the merits. *See id.* ¶ 9; *see also Loffredo v. Holt,* 2001 UT 97, ¶ 12, 37 P.3d 1070; *Houston v. Intermountain Health Care,* 933 P.2d 403, 406 (Utah Ct.App.1997) ("Generally, a judgment is not a final, appealable order if it does not dispose of all the claims in a case, including counterclaims.").

¶ 3 The order being appealed is not final and appealable because it did not fully resolve the divorce petition and did not even resolve all issues raised in the summary judgment motion in which Husband sought an order granting him permanent legal and physical custody of the child. The district court granted summary judgment as to permanent physical custody, but reserved the issue of legal custody for the pending trial. Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App. 1989). Accordingly, we dismiss the appeal for lack of jurisdiction, without prejudice to a timely appeal following the entry of a final appealable judgment.