2011 UT App 201

**Todd L. HARRIS and Malinda Harris, Plaintiffs and Appellants,**

v.

**HSBC MORTGAGE SERVICES, INC.; HSBC Bank, N.A.; David B. Boyce, PLLC; Fidelity National Insurance Company, Defendants and Appellees.**

**No. 20110314–CA.**

Court of Appeals of Utah.

June 23, 2011.

---

Todd L. Harris and Malinda Harris, Hurricane, Appellants Pro Se.

David B. Boyce, Salt Lake City, for Appellees.

Before Judges ORME, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Appellants Todd L. Harris and Malinda Harris (the Harrises) appeal the denial of their ex parte complaint for injunctive relief to prevent a trustee's sale of real property. We dismiss the appeal, without prejudice.

¶ 2 On the morning of November 8, 2010, the Harrises filed an ex parte complaint for injunctive relief seeking to prevent a trustee's sale scheduled for the same day. The district court wrote the following statement—apparently on the front page of the petition—and initialed it:

> NOTE The request is moot since the foreclosure action took place @ 1:00 on 11/8/10. An appropriate order *was not* submitted with this request. The court elected *not* to grant ex parte injunctive relief in this matter.

¶ 3 The Harrises filed a Motion To Reconsider Petitioners' Timely Ex Parte Motion for Temporary Restraining Order. On January 31, 2011, the district court signed a form captioned "Court Ruling," on which the district court had checked a box indicating that the motion to reconsider was denied. That ruling was entered by the clerk on February 23, 2011. The district court's ruling did not state that it was intended to serve as the final order of the court or that no further order needed to be prepared.

¶ 4 In *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, the Utah Supreme Court clarified that a minute entry or order prepared by the district court and intended by that court to serve as the final order "must explicitly direct that no additional order is necessary." *Id.* ¶ 32. If the district court does not expressly direct that the order prepared by the court is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party, or the nonprevailing party when necessary, to prepare and submit an order for entry by the trial court in order to trigger finality for purposes of appeal. *See id.* ¶ 30. If no order is entered in compliance with rule 7(f)(2) and *Giusti*, "the appeal rights of the nonprevailing party will extend indefinitely." *Id.* ¶ 35.

¶ 5 Because the note dated November 8, 2010, was not a final, appealable order, it was procedurally appropriate for the Harrises to file a motion to reconsider that interlocutory ruling. The district court's ruling on the motion to reconsider did not direct that it was intended to serve as the final order of the district court or that neither party was required to prepare a further order. Therefore, it was not a final appealable order.[1] Because there is no final, appealable order in this case, we lack jurisdiction to consider the appeal and must dismiss it. *See Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989) ("Once a court has determined that it lacks jurisdiction, it retains only the authority to dismiss the action."). Accordingly, we dismiss the appeal for lack of jurisdiction without prejudice to a timely appeal filed after the entry of a final appealable order.

---

1. We note that only a slight modification of the district court's form captioned "Court's Ruling" could bring it into compliance with rule 7(f)(2) and *Giusti* by directing the parties that it is not necessary to prepare any additional order and that the ruling is intended to be the final order.