2011 UT App 200

**CENTRAL UTAH WATER CONSERVANCY DISTRICT, Plaintiff and Appellee,**

v.

**Shane KING, as Trustee and/or Fiduciary Owner of Stepping Stone Trust, Defendant and Appellant.**

No. 20110232–CA.

Court of Appeals of Utah.

June 23, 2011.

Gordon A. Madsen and Robert C. Cummings, Salt Lake City, for Appellant.

Perrin R. Love and Wendy Bowden Crowther, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and VOROS.

DECISION

PER CURIAM:

¶ 1 Shane King, as Trustee and/or Fiduciary Owner of Stepping Stone Trust, appeals from a November 8, 2010 judgment and a February 8, 2011 ruling on King's motion for a new trial. This matter is before the court on a sua sponte motion for summary disposition based upon lack of jurisdiction due to the absence of a final, appealable order. We dismiss the appeal without prejudice.

¶ 2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. In fact, this court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* ¶ 8.

¶ 3 In *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, 201 P.3d 966, the supreme court held that if a district court intends its minute entry or its self-prepared order to be final,

the district court "must explicitly direct that no additional order is necessary." *Id.* ¶ 32. When the district court does not expressly direct that its order is the final order of the court, rule 7(f)(2) of the Utah Rules of Civil Procedure requires the prevailing party, or the non-prevailing party when necessary, to prepare and file an order to trigger finality for purposes of appeal. *See id.* ¶ 30.

¶ 4 The February 8, 2011 order denying the motion for a new trial does not satisfy the requirements set forth in *Giusti.* While the district court may have intended the order to be its final order, the district court did not expressly indicate that the order was the final order of the court and that no further order was required. Furthermore, no party prepared a final order as required by rule 7(f)(2) of the Utah Rules of Civil Procedure.

¶ 5 King argues that *Giusti* does not apply to this case because the rule announced in *Giusti* only applies to attempts to bar jurisdiction and not to cases meant to preserve jurisdiction. This is not the case. The supreme court created a bright line rule for litigants because "[t]he strict application of rule 7(f)(2) supports the judicial policy favoring finality, and it prevents the confusion that often leads—as it has here—to additional litigation when parties are left to divine when a court's decision has triggered the appeal period." *Id.* ¶ 36. Thus, the order denying the motion for a new trial is not final for purposes of appeal, and this court is required to dismiss the appeal. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989) (stating that if the court lacks jurisdiction over an appeal, it has only the authority to dismiss the action).

¶ 6 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.