263 P.3d 1151 (2011)
2011 UT App 266
STATE of Utah, in the interest of H.S.A.S., a person under eighteen years of age.
N.L., Appellant,
v.
State of Utah, Appellee.
No. 20110384-CA.
Court of Appeals of Utah.
August 11, 2011.
N.L., Moab, Appellant Pro Se.
Mark L. Shurtleff and Annina M. Mitchell, Salt Lake City, for Appellee.
Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

DECISION
PER CURIAM:
¶ 1 This case is before the court on a sua sponte motion for summary dismissal on the basis that the appeal is untimely. However, we agree with the State of Utah that the appeal was improperly filed as part of a juvenile delinquency proceeding and ultimately seeks to collaterally challenge an August 28, 2001 order of the Office of Recovery Services/Child Support Services in agency proceedings to assess and collect child support. We dismiss the appeal for lack of jurisdiction.
¶ 2 H.S.A.S. came within juvenile court jurisdiction first as the subject of a child welfare proceeding and several years later as the subject of delinquency proceedings. At all times, petitions filed in the juvenile court have alleged that H.S.A.S. is the biological child of N.L., whose whereabouts were alleged to have been unknown. N.L. has never appeared in any juvenile court proceeding involving H.S.A.S. On May 2, 2011, N.L. filed a notice of appeal in the juvenile court delinquency case of State in the Interest of H.S.A.S., Seventh District Juvenile Court No. 141628. N.L. stated that he was challenging an order entered on August 28, 2001. On appeal to this court, Larrabee seeks DNA testing, now claiming that he is not the biological father of H.S.A.S.
¶ 3 Based upon the State's response, we determine that the Office of Recovery Services conducted informal agency proceedings pursuant to a Notice of Agency Action to determine paternity and enter a child support order for H.S.A.S. In an August 28, 2001 Judgment and Order: Paternity and Child Support, the presiding officer of the Office of Recovery Services/Child Support Services entered N.L.'s default, determined that he is the biological father of H.S.A.S., and assessed a child support obligation. That decision stated that a parent may file a written request for reconsideration within twenty days of the date that the order was issued or *1152 may file a complaint seeking judicial review with the appropriate court within thirty days of the date that the August 28, 2001 order, or any subsequent order on reconsideration, was issued. The Utah Administrative Procedure Act provides that an aggrieved party may seek district or juvenile court review, as appropriate, of final agency action after an agency's informal adjudication by filing a petition within thirty days after the action's issuance. See Utah Code Ann. § 63G-4-402(1)(a) (2008) (formerly Utah Code Ann. § 63-46b-15(1)(a)).
¶ 4 We lack jurisdiction to consider the "appeal" because it is not an appeal from any order of the juvenile court and instead seeks to belatedly challenge a 2001 order of the Office of Recovery Services/Child Support Services. Any challenge must have been made in the manner described in the August 28, 2001 order by filing a timely petition in the appropriate trial court.[1] Even if a collateral attack on the 2001 administrative judgment were available and N.L. was a party to the juvenile court proceedings, we would lack jurisdiction over an appeal from the final juvenile court order entered in the delinquency proceeding on February 25, 2011, because N.L. did not file a notice of appeal until May 2, 2011, well after the thirty-day time limit for directly appealing juvenile court orders in delinquency cases. See Utah Code Ann. § 78A-6-1109(7) (2008).
¶ 5 Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." Varian-Eimac, Inc. v. Lamoreaux, 767 P.2d 569, 570 (Utah Ct.App.1989). Accordingly, we dismiss the appeal for lack of jurisdiction.
NOTES
[1] We note that the State does not concede in its response "that a defaulting party who fails to participate in an informal adjudication and fails to move to set aside that judgment for good cause . . . can nonetheless seek judicial review of the underlying merits of the final agency action." That issue is not now before this court, and we do not consider it.