2011 UT App 400

**FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff and Appellee,**

v.

**Jesus APARICIO and Elizabeth Aparicio, Defendants and Appellants.**

**No. 20110729–CA.**

Court of Appeals of Utah.

Nov. 25, 2011.

Jesus Aparicio and Elizabeth Aparicio, St. George, Appellants Pro Se.

Richard Gunnerson, Brad G. DeHaan, and Brigham J. Lundberg, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Jesus and Elizabeth Aparicio seek to appeal the district court's order entered on August 10, 2011. This matter is before the court on a sua sponte motion for summary disposition. The Aparicios did not oppose the motion for summary disposition. We dismiss the appeal without prejudice.

¶ 2 Generally, "[a]n appeal is improper if it is taken from an order or judgment that is not final." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. Indeed, this court lacks jurisdiction to consider an appeal unless it is taken from a final, appealable order. *See id.* For an order to be a final, appealable order, the order must "dispose of all parties or claims to an action." *Id.* ¶ 10. The only exceptions to the final judgment rule are where: (1) an appeal is permitted under the

circumstances by statute, (2) the appellate court grants interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure, or (3) the trial court certifies the order as final under rule 54(b) of the Utah Rules of Civil Procedure. *See id.* ¶ 12.

¶ 3 The August 10, 2011 order of restitution did not dispose of all claims before the district court. The record indicates that a counterclaim remains pending before the district court. Thus, the August 10, 2011 order is not a final, appealable order. *See id.* ¶ 10. Furthermore, this appeal does not meet any exception to the final judgment rule. Because the August 10, 2011 order is not final for purposes of appeal, this court lacks jurisdiction to consider the appeal. *See id.* When this court lacks jurisdiction, we have only the authority to dismiss the appeal. *See Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989).

¶ 4 Accordingly, the appeal is dismissed without prejudice to the filing of a timely appeal from a final order.