IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| In the Matter of the Estate of Ralph T. Wall and Merle Moss Wall. | ) ) ) ) ) | PER CURIAM DECISION |
| | | Case No. 20120054-CA |
| Dean Wall and Julie Barthlow, | ) ) | |
| Appellants, | ) ) | F I L E D |
| | ) | (April 5, 2012) |
| v. | ) ) | |
| | ) | 2012 UT App 105 |
| Mike Wall, Pat Wall, and Russell Wall, | ) ) | |
| Appellees. | ) ) | |

-----

Third District, Salt Lake Department, 113901540
The Honorable Ryan M. Harris

Attorneys:     Dean Wall, Kaysville, Appellant Pro Se
               Julie Barthlow, Eagle, Idaho, Appellant Pro Se
               Stevan R. Baxter and Jeff B. Skoubye, Salt Lake City, for Appellees

-----

Before Judges Voros, Orme, and Roth.

¶1     Dean Wall (Wall) filed a notice of appeal from the district court's Order on Motion to Enforce Settlement Agreement and on Prejudgment Writ of Attachment, entered on January 4, 2012. Although also characterizing herself as an appellant, Julie Barthlow (Barthlow) did not file a notice of appeal from the January 4, 2012 order. This case is before the court on a sua sponte motion for summary disposition for lack of jurisdiction.

¶2    "An appeal may be taken from a district . . . court to the appellate court with jurisdiction over the appeal from all final orders and judgments." Utah R. App. P. 3(a). An order is final and appealable only when it disposes of all of the claims against all parties on the merits. *See Loffredo v. Holt*, 2001 UT 97, ¶ 12, 37 P.3d 1070; *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649. An appeal taken from an order that is not final must be dismissed for lack of appellate jurisdiction. *See Bradbury*, 2000 UT 50, ¶ 8.

¶3    In the January 4, 2012 order, the district court found that the parties had entered into a settlement agreement, although ambiguities existed as to the terms of that agreement. The district court reserved its determination on the terms of the settlement agreement pending a trial, an evidentiary hearing, or a summary proceeding occurring after discovery had been conducted pursuant to a scheduling order or as otherwise agreed by the parties. The balance of the court's order provisionally granted a motion for a prejudgment writ of attachment of funds in certain bank accounts. Wall filed a notice of appeal from the order, which by its terms was interlocutory and not final.

¶4    Because the order that Wall seeks to appeal is not final and appealable, we lack jurisdiction to consider the appeal on its merits. Furthermore, because Barthlow did not file a notice of appeal on her own behalf, we lack jurisdiction to consider her purported appeal on that additional ground. Once a court has determined that it lacks jurisdiction, it "retains only the authority to dismiss the action." *Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989). Accordingly, we dismiss this appeal for lack of jurisdiction without prejudice to a timely appeal taken from the final judgment.


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
Gregory K. Orme, Judge


_____
Stephen L. Roth, Judge