IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Wells Fargo Bank NA, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120021-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (May 3, 2012) |
| William Clayton Cox and Angie S. Cox, | ) | |
| | ) | 2012 UT App 136 |
| Defendants and Appellants. | ) | |

-----

Sixth District, Kanab Department, 110600070
The Honorable Wallace A. Lee

Attorneys:     William Clayton Cox and Angie S. Cox, Glendale, Appellants Pro Se
               James D. Gilson and J. Tayler Fox, Salt Lake City, for Appellee

-----

Before Judges Orme, Thorne, and Roth.

¶1     William Clayton Cox and Angie S. Cox seek to appeal various orders, including an Order of Restitution, entered by the district court on January 3, 2012. This matter is before the court on its own motion for summary disposition based upon lack of jurisdiction due to the absence of a final, appealable order.

¶2     This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order. *See Loffredo v. Holt*, 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 (internal quotation marks omitted); *see also* Utah R. Civ. P. 54(b) (stating that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the

claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties"). The only exceptions to the final judgment rule are where: (1) an appeal is permitted under the circumstances by statute, (2) the appellate court grants interlocutory appeal under rule 5 of the Utah Rules of Appellate Procedure, or (3) the trial court properly certifies the order as final under rule 54(b) of the Utah Rules of Civil Procedure. *See Bradbury*, 2000 UT 50, ¶ 12.

¶3      The orders entered by the district court are not final, appealable orders because they do not dispose of all the issues in the litigation. Specifically, the order of restitution failed to resolve Wells Fargo's claim for monetary damages. Therefore, while the order of restitution required the Coxes to vacate the premises, the order did not resolve the entire dispute between the parties. Accordingly, we lack jurisdiction over the appeal and must dismiss. *See Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989).

¶4      The appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.


_____
Gregory K. Orme, Judge



_____
William A. Thorne Jr., Judge



_____
Stephen L. Roth, Judge